STATE OF NORTH CAROLINA v. CURLEY JACOBS AND BRUCE LEE McMILLIAN

No. 617A05

(Filed 24 August 2007)

**1. Indigent Defendants— court-appointed attorney—taxation of fees—subject matter jurisdiction**

The Court of Appeals had no subject matter jurisdiction on the issue of taxation of attorney fees against defendant for his court-appointed attorney where the record contained no judgment requiring defendant to pay attorney fees.

**2. Sentencing— *Blakely* error—remand—harmless error issue**

This case is remanded to the Court of Appeals for consideration of the issue as to whether *Blakely* error in sentencing was harmless beyond a reasonable doubt.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 174 N.C. App. 1, 620 S.E.2d 204 (2005), finding no prejudicial error in a trial which resulted in judgments entered by Judge Gary L. Locklear against defendant Jacobs on 29 September 2003 in Superior Court, Robeson County, but vacating the trial court's imposition of attorney fees and remanding the case for resentencing. On 19 December 2006, the Supreme Court allowed the State's petition for discretionary review as to an additional issue. Heard in the Supreme Court 8 May 2007.

*Roy Cooper, Attorney General, by Alexander McC. Peters, Special Deputy Attorney General, for the State-appellant.*

*C. Scott Holmes for defendant-appellee Curley Jacobs.*

PER CURIAM.

The underlying facts of this case appear in the Court of Appeals opinion. *State v. Jacobs,* 174 N.C. App. 1, 620 S.E.2d 204 (2005). Both defendants were convicted in Superior Court on charges of impersonating a law enforcement officer, robbery with a dangerous weapon, first-degree burglary, and two counts of second-degree kidnapping. The Court of Appeals found no prejudicial error in the trial of either defendant. As to defendant Jacobs only, the Court of Appeals vacated the imposition of attorney fees, *id.* at 21, 620 S.E.2d at 217, and remanded for resentencing due to *Blakely* error, *id.* at 20,

**STATE v. JACOBS**

[361 N.C. 565 (2007)]

620 S.E.2d at 216. (citing, *inter alia, Blakely v. Washington,* 542 U.S. 296, 159 L. Ed. 2d 403 (2004); *State v. Allen,* 359 N.C. 425, 615 S.E.2d 256 (2006), *withdrawn,* 360 N.C. 569, 635 S.E.2d 899 (2006)). The dissent addressed the attorney fees issue only. *Id.* at 29-30, 620 S.E.2d at 212 (Levinson, J., concurring in part and dissenting in part). We allowed the State's petition for discretionary review on the sentencing issue.

[1] The Court of Appeals majority vacated the trial court's taxing of attorney fees against defendant because it concluded that the trial court could not properly enter judgment for attorney fees without giving defendant notice and an opportunity to be heard on that issue, pursuant to N.C.G.S. § 7A-455. *Id.* at 20-21, 620 S.E.2d at 216-17 (majority). The dissent noted that the record contained no judgment requiring defendant to pay attorney fees, but that the trial judge merely indicated his intention to enter a future order assessing attorney fees. *Id.* at 30, 620 S.E.2d at 222 (Levinson, J., concurring in part and dissenting in part). We conclude that because there is no civil judgment in the record ordering defendant to pay attorney fees, the Court of Appeals had no subject matter jurisdiction on this issue. *See* N.C. R. App. P. 3(a); *id.* 9(a)(1)(h). Thus, as to the State's appeal of right based on the dissent on this issue, we vacate the majority opinion.

[2] As to the State's argument, heard pursuant to our discretionary review, that the Court of Appeals erred in reversing and remanding for resentencing for *Blakely* error, we reverse. The Court of Appeals concluded that the trial court's finding of aggravating factors not determined by the jury required reversal and remand for resentencing. The State argues that any *Blakely* error was harmless beyond a reasonable doubt. The Court of Appeals issued its opinion prior to this Court's decision in *State v. Blackwell,* 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied,* —— U.S ——, 167 L. Ed. 2d 1114 (2007), in which we concluded that *Blakely* error, if it exists, is not structural but is subject to harmless error analysis. Thus, we reverse and remand for the Court of Appeals to consider whether any *Blakely* error here was harmless beyond a reasonable doubt, in light of our decision in *Blackwell.*

VACATED IN PART; REVERSED IN PART AND REMANDED.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.