INMAN, Judge.
Defendant Kevin Lamonte White ("Defendant") appeals from the trial court's judgment entered upon jury verdicts finding him guilty of possession of a firearm by a felon and attaining habitual felon status. Defendant contends the trial court erred by ordering him to pay attorney's fees without first being afforded an opportunity to be heard. Because we conclude that: (1) Defendant failed to adhere to Rule 3 of the North Carolina Rules of Appellate Procedure; and (2) this Court lacks subject matter jurisdiction over this issue as the record on appeal does not contain a civil judgment ordering Defendant to pay attorney's fees, we dismiss the appeal.
Factual and Procedural Background
On 6 September 2016, a grand jury indicted Defendant on the charge of possession of a firearm by a felon and was subsequently indicted for attaining the status of an habitual felon. At trial, the State's evidence tended to show that on 13 April 2016, the Duplin County Sheriff's Department received an anonymous tip regarding the sale of narcotics and possible production of methamphetamine at Defendant's home. When officers went out to the home to investigate, Defendant gave them consent to search the property. During the search of the home, officers found a loaded .38 revolver on the floor of the living room. Defendant admitted the gun was his and "that he had it for his protection."
The jury found Defendant guilty of possession of a firearm by a felon and attaining the status of an habitual felon. The trial court entered judgment on 27 July 2017, sentencing Defendant to a term of 58 months to 82 months of imprisonment and ordered attorney's fees to be entered as a civil judgment. Defendant gave oral notice of appeal.
Analysis
Defendant's sole argument on appeal is that the trial court erred in imposing attorney's fees as a civil judgment without providing sufficient notice and an opportunity to be heard regarding the total hours and fees claimed by his attorney, pursuant to N.C. Gen. Stat. § 7A-455(b). As an initial matter, we must determine whether we have jurisdiction to reach the merits of Defendant's appeal.
I. Notice of Appeal
Rule 3 requires that an appeal from a civil judgment be made in writing. N.C. R. App. P. 3(a) (2014); see also State v. Smith , 188 N.C. App. 842, 845-46, 656 S.E.2d 695, 697 (2008) (explaining the failure to comply with Rule 3(a) in appealing a civil judgment, though originating as a criminal case, for attorney's fees is a jurisdictional defect that warrants dismissal of an appeal). Here, Defendant did not file written notice of appeal pursuant to Rule 3, and thus, his appeal of the civil judgment is subject to dismissal.
II. Record of Civil Judgment
Even if we were to treat the appeal as a motion for summary judgment, this Court lacks subject matter jurisdiction because the record contains no civil judgment requiring Defendant to pay attorney's fees. See State v. Jacobs , 361 N.C. 565, 566, 648 S.E.2d 841, 842 (2007) (concluding "that because there is no civil judgment in the record ordering the defendant to pay attorney fees, the Court of Appeals had no subject matter jurisdiction on this issue" (citing N.C. R. App. P. 3(a), 9(a)(1)(h) ). In Jacobs , our Supreme Court noted that "the record contained no judgment requiring [the] defendant to pay attorney fees, but that the trial judge merely indicated his intention to enter a future order assessing attorney fees." Id . at 566, 648 S.E.2d at 842 (emphasis added).
Here, the criminal judgment does not indicate any monetary amount of costs or fees due by Defendant and only provides, "[attorney] fees to be moved to civil judgment." (emphasis added). Thus, as in Jacobs , the record on appeal does not contain any judgment requiring Defendant to pay attorney's fees, but only indicates the trial judge's intention to enter a future order assessing attorney fees. Therefore, we lack jurisdiction to review this issue. As Defendant has not raised any challenges to his underlying criminal judgment, we dismiss Defendant's appeal.
DISMISSED.
Report per Rule 30(e).
Chief Judge MCGEE and Judge HUNTER, JR. concur.