IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-850

 Filed: 3 March 2020

Johnston County, Nos. 18 CRS 412, 50682

STATE OF NORTH CAROLINA

 v.

BILLY RAY MANGUM, JR., Defendant.

 Appeal by Defendant from judgment entered 4 April 2018 by Judge Thomas H.

Lock in Superior Court, Johnston County. Heard in the Court of Appeals 23 April

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kathleen N.
 Bolton, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas
 C. Woomer-Deters, for Defendant.

 McGEE, Chief Judge.

 I. Procedural and Factual Background

 Billy Ray Mangum, Jr. (“Defendant”) was indicted on 5 March 2018 for

possession of a stolen motor vehicle and attaining habitual felon status. Defendant

pleaded guilty to the charges on 4 April 2018, and the trial court sentenced Defendant

to twenty-four to forty-one months’ imprisonment. Following its oral rendering of

Defendant’s sentence, the trial court stated that “[c]ourt costs and attorney’s fees are

taxed against [Defendant] as a civil judgment.” The trial court entered judgment
 STATE V. MANGUM

 Opinion of the Court

ordering “all costs and attorney fees to be docketed as a civil judgment.” The amount

of costs and attorney’s fees were not indicated in court or in the judgment. Defendant

filed written notice of appeal on 10 April 2018.

 Defendant’s sole proposed issue on appeal is: “Did the trial court err by failing

to give [] Defendant the opportunity to be heard on attorney’s fees?” Defendant filed

his appellate brief on 24 September 2018 in which, citing N.C.G.S. § 7A-27(b)(1)

(2019) and State v. Pell, 211 N.C. App. 376, 377, 712 S.E.2d 189, 190 (2011), he stated

that he had a right of appeal from the part of the 4 April 2018 judgment that ordered

him to pay attorney’s fees because that part of the judgment was a civil judgment and

he had timely entered written notice of appeal. Defendant simultaneously filed a

petition for writ of certiorari (“PWC”) “out of an abundance of caution,” “in the event

this Court deem[ed] his notice of appeal insufficient.”

 The State responded to Defendant’s PWC on 28 September 2018, arguing the

PWC should be dismissed because it did not contain a “certified cop[y] of the

judgment, order, or opinion or parts of the record which may be essential to an

understanding of the matters set forth in the petition[,]” see N.C. R. App. P. 21(c) and,

quoting Searles v. Searles, 100 N.C. App. 723, 725, 398 S.E.2d 55, 56 (1990),

contending “‘this Court is without authority to entertain an appeal where there has

been no entry of judgment.’” The State filed a motion to dismiss Defendant’s appeal

on 28 September 2018, quoting State v. Jacobs, 361 N.C. 565, 566, 648 S.E.2d 841,

 -2-
 STATE V. MANGUM

 Opinion of the Court

842 (2007), and arguing this Court lacked jurisdiction to consider Defendant’s appeal

because the record contained no “civil judgment . . . ordering payment of attorney

fees,” and the record must contain the order or judgment from which Defendant

appeals in order to confer jurisdiction on this Court for review. The State further

argued that Defendant “failed to comply with the mandatory requirements of Rule

3.” The State filed its brief on 2 October 2018, in which it also argued that this Court

lacked jurisdiction to consider Defendant’s appeal.

 Defendant filed his response to the State’s motion to dismiss and filed a motion

to amend the record on appeal, both on 10 October 2018. In his response, Defendant

noted that the civil judgment ordering Defendant to pay $390.00 in attorney’s fees

was not entered until 3 October 2018, but his 10 April 2018 notice of appeal was

sufficient to preserve appellate review of the 3 October 2018 order because judgment

was rendered on 4 April 2018, and “rendering of an order commences the time when

notice of appeal may be taken by filing and serving written notice, while entry of an

order initiates the thirty-day time limitation within which notice of appeal must be

filed and served.” Abels v. Renfro Corp., 126 N.C. App. 800, 804, 486 S.E.2d 735, 738

(1997) (emphasis in original) (citations omitted). In his motion to amend the record,

Defendant requested this Court allow amendment of the record to include the 3

October 2018 order, entered under the same file number as the 4 April 2018

judgment—18-CRS-50682. The State responded to Defendant’s motion to amend the

 -3-
 STATE V. MANGUM

 Opinion of the Court

record on 28 October 2018, arguing that the notice of appeal in this matter was only

from “the judgment entered in this cause on April 4, 2018[,]” not from the “rendering”

of the civil judgment concerning attorney’s fees in open court.

 II. Jurisdiction

 While we agree with the State that Defendant did not follow the correct

procedure for appealing the entry of the 3 October 2018 civil judgment ordering him

to pay attorney’s fees, Defendant’s procedural missteps have not deprived this Court

of jurisdiction to consider his appeal, either upon direct appeal or by granting

certiorari. As with a judgment requiring a defendant to register as a sex offender,

even though Defendant in this case was convicted of a crime, the order at issue is civil

in nature, accomplished through entry of a civil judgment. Jacobs, 361 N.C. at 566,

648 S.E.2d at 842; see also Pell, 211 N.C. App. at 377, 712 S.E.2d at 190. “Therefore,

an appeal from a sentence requiring a defendant to [pay attorney’s fees as a civil

judgment] is controlled by civil procedure,” id. (citations omitted), and by Rule 3 of

our Rules of Appellate Procedure. Jacobs, 361 N.C. at 566, 648 S.E.2d at 842. As in

this case, the underlying criminal judgment from which the defendant in Pell

appealed was based upon a guilty plea. Pell, 211 N.C. App. at 376, 712 S.E.2d at 190.

In this case, the State argues that N.C.G.S. § 15A-1444 (2019), involving appeals from

a guilty plea, removes appellate jurisdiction to consider Defendant’s arguments.

However, in Pell,

 -4-
 STATE V. MANGUM

 Opinion of the Court

 [the d]efendant specifically appeal[ed] from the portion of
 his sentence requiring him to register as a sex offender.
 While a defendant is entitled to appeal from a guilty plea
 in limited circumstances, see N.C. Gen. Stat. § 15A-
 1444(a2) (2009), Defendant’s appeal does not arise from the
 underlying convictions, therefore these limitations are
 inapplicable to the current action. Accordingly,
 Defendant’s appeal is properly before this Court for
 appellate review.

Id. at 377, 712 S.E.2d at 190 (emphasis added). The defendant’s notice of appeal in

Pell did not specifically mention mandatory registration as a sex offender, as the

notice of appeal in this case does not specifically mention attorney’s fees. As with

imposition of SBM in Pell, Defendant’s appeal in this case “does not arise from the

underlying convictions” and N.C.G.S. § 15A-1444(a2) does not deprive this Court of

jurisdiction. Id. at 377, 712 S.E.2d at 190.

 A. Rule 3

 Rule 3(a) requires: “Any party entitled by law to appeal from a judgment or

order of a superior . . . court rendered in a civil action or special proceeding may take

appeal by filing notice of appeal with the clerk of superior court . . . within the time

prescribed by subsection (c) of this rule.” N.C. R. App. P. 3(a). The dissenting opinion

argues that this Court lacks jurisdiction because “Rule 3(a) and binding Supreme

Court precedents . . . prohibit this Court from granting Defendant’s motion to amend

the record of a purported appeal that does not exist, and consequently, over which

this Court unquestionably does not possess and cannot assert jurisdiction[.]”

 -5-
 STATE V. MANGUM

 Opinion of the Court

Concerning the time for filing notice of appeal in a civil matter, this Court held in

Abels: “Notwithstanding defendant’s protestations that plaintiff’s appeal was

premature, . . . plaintiff timely appealed in that her notice was filed and served

subsequent to the trial court’s rendering of its order, albeit prior to entry of said

order.” Abels, 126 N.C. App. at 804, 486 S.E.2d at 738. This is because “rendering of

an order commences the time when notice of appeal may be taken by filing and

serving written notice, while entry of an order initiates the thirty-day time limitation

within which notice of appeal must be filed and served [in civil matters]. N.C. R. App.

P. 3(c).” Id. (citations omitted); see also State v. Oates, 366 N.C. 264, 268, 732 S.E.2d

571, 574–75 (2012) (citation omitted) (in criminal cases “written notice may be filed

at any time between the date of the rendition of the judgment or order and the

fourteenth day after entry of the judgment or order”). Therefore, Defendant’s 10 April

2018 written notice of appeal from the rendering of the civil judgment for attorney’s

fees on 4 April 2018 was sufficient to preserve Defendant’s right to appeal the civil

judgment ordering attorney’s fees once that judgment was entered on 3 October 2018.

Defendant’s notice of appeal was timely filed. However, Defendant’s appeal was

docketed in this Court prior to entry of the 3 October 2018 judgment.

 B. Sufficiency of Record

 Defendant’s mistake was not in the timing of the filing of his notice of appeal,

Abels, 126 N.C. App. at 804, 486 S.E.2d at 738, but in the timing of the filing of the

 -6-
 STATE V. MANGUM

 Opinion of the Court

record. The State did not object or otherwise respond to Defendant’s proposed record

on appeal within thirty days of service, so the record was settled pursuant to N.C. R.

App. P. 11(b), and the appeal was docketed pursuant to N.C. R. App. P. 12(b) when

the record was filed with this Court on 22 August 2018. However, since the judgment

from which appeal was taken, being the order imposing attorney’s fees, had not yet

been entered, the record was not in compliance with Rule 9(a)(1)(h.) when it was

docketed. “To make [the trial court’s] purpose a judgment, it must be entered of

record, and until this shall be done, there is nothing to appeal from.” Logan v. Harris,

90 N.C. 7, 7 (1884). Defendant should not have filed the record and proceeded with

this appeal until after entry of the 3 October 2018 order, and that order needed to be

included in the record on appeal in order to confer regular appellate jurisdiction on

this Court. Jacobs, 361 N.C. at 566, 648 S.E.2d at 842 (“[B]ecause there is no civil

judgment in the record ordering defendant to pay attorney fees, the Court of Appeals

had no subject matter jurisdiction on this issue. See N.C. R. App. P. 3(a); id.

9(a)(1)(h).”).

 The dissenting opinion, citing Rule 3(a), contends that this Court cannot grant

“Defendant’s motion to amend the record of a purported appeal . . . over which this

Court unquestionably does not possess and cannot assert jurisdiction[.]” However,

Defendant filed a motion pursuant to N.C. R. App. P. 9(b)(5) on 10 October 2018,

requesting amendment of the record to include the 3 October 2018 civil judgment

 -7-
 STATE V. MANGUM

 Opinion of the Court

ordering Defendant to pay attorney’s fees. Motions pursuant to Rule 9(b)(5) are

routinely granted in order to amend the record for the purpose of correcting

jurisdictional defects caused by violations of the appellate rules. Rule 9(b)(5) states

in relevant part:

 Motions Pertaining to Additions to the Record. On motion
 of any party or on its own initiative, the appellate court
 may order additional portions of a trial court record or
 transcript sent up and added to the record on appeal. On
 motion of any party, the appellate court may order any
 portion of the record on appeal or transcript amended to
 correct error shown as to form or content.

N.C. R. App. P. 9(b)(5)(b.). Our Supreme Court has made clear this Court’s authority

to amend the record to obtain jurisdiction over an appeal:

 In Felmet, the defendant moved for leave to amend the
 record to include “the judgment of the district court which
 reflected defendant’s appeal therefrom to the superior
 court” to show how the superior court obtained subject
 matter jurisdiction over his case. Felmet, 302 N.C. at 174,
 273 S.E.2d at 710. The Court of Appeals denied the motion.
 We concluded that the denial was a decision within the
 discretion of the Court of Appeals and that we could find
 no abuse of that discretion. Nevertheless, we held the
 record should be amended to reflect subject matter
 jurisdiction so that we could reach the substantive issue of
 the appeal. In so holding, we stated, “[this] is the better
 reasoned approach and avoids undue emphasis on
 procedural niceties.”

 While we find no abuse of discretion on the part of the
 Court of Appeals in denying the State’s motion to amend,
 we elect as we did in Felmet to allow the State leave to
 amend.

 -8-
 STATE V. MANGUM

 Opinion of the Court

 When the record is amended to add the presentment, it is
 clear the superior court had jurisdiction over these
 misdemeanors under N.C.G.S. § 7A-272(2) [and, therefore,
 appellate jurisdiction also existed].

State v. Petersilie, 334 N.C. 169, 177–78, 432 S.E.2d 832, 837 (1993) (citations

omitted); see also State v. Felmet, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981) (our

Supreme Court “decided to allow the amendment [pursuant to Rule 9(b)(5)(b.)] to

reflect subject matter jurisdiction and then pass upon the substantive issue of the

appeal”); Williams v. United Cmty. Bank, 218 N.C. App. 361, 367, 724 S.E.2d 543,

548 (2012) (“The original record on appeal contained no notice of appeal[.] However,

. . . the . . . [p]laintiffs moved to amend the record on appeal pursuant to Rules 9(b)(5)

and 37 of the North Carolina Rules of Appellate Procedure. We allow the . . .

[p]laintiffs’ motion to amend the record on appeal to include the notice of appeal” and

address the merits.).

 As noted by our Supreme Court, whether to grant or deny a motion to amend

the record is “a decision within the discretion of the Court of Appeals” that constitutes

a legitimate application of our appellate rules absent “an abuse of discretion.”

Petersilie, 334 N.C. at 177, 432 S.E.2d at 837 (citation omitted). Contrary to the

dissenting opinion’s assertion, this Court has the authority and the jurisdiction to

amend a record that does not confer jurisdiction for appellate review into one that

 -9-
 STATE V. MANGUM

 Opinion of the Court

demonstrates our appellate jurisdiction.1 Id. In any event, no grant of certiorari is

required for this Court to allow Defendant’s motion to amend the record, Rule

9(b)(5)(b.) provides that authority. Petersilie, 334 N.C. at 177–78, 432 S.E.2d at 837

(and other opinions cited above).

 We decide, in our discretion, to grant Defendant’s motion to amend the record

to include the 3 October 2018 judgment. Felmet, 302 N.C. at 176, 273 S.E.2d at 711.

Although Defendant’s appeal was docketed on 22 August 2018 when the record was

filed, it only became “properly perfected” through granting Defendant’s motion to

amend the record to include the 3 October 2018 judgment. Swilling v. Swilling, 329

N.C. 219, 225, 404 S.E.2d 837, 841 (1991) (citation omitted). Therefore, because the

3 October 2018 judgment is now properly part of the record before us, the

jurisdictional defects cited in Jacobs, 361 N.C. at 566, 648 S.E.2d at 842, are no longer

an issue in this matter and we address the merits of Defendant’s appeal.

 C. Certiorari

 1. Rule 21(a)(1)

 Assuming, arguendo, the rule set forth in Abels, 126 N.C. App. at 804–05, 486

S.E.2d at 738, does not apply, and our amendment of the record to include the 3

October 2018 judgment did not cure the jurisdictional deficiency, Defendant also

 1 Of course, if amendment of the record fails to confer jurisdiction for appellate review, this
Court will either dismiss the appeal, or consider whether it can obtain jurisdiction through grant of
certiorari.

 - 10 -
 STATE V. MANGUM

 Opinion of the Court

petitioned this Court to grant a writ of certiorari, stating correctly: “Under N.C. R.

App. P 21(a)(1), this Court may issue its writ of certiorari . . . to permit review of a

trial tribunal’s order ‘when the right to prosecute an appeal has been lost by the

failure to take timely action[.]’” In Anderson v. Hollifield, 345 N.C. 480, 480 S.E.2d

661 (1997), the appellant failed to file a notice of appeal, and the appellee argued

“that such a failure to file a notice of appeal deprives the appellate courts of

jurisdiction to rule upon the merits[.]” Id. at 482, 480 S.E.2d at 663. Our Supreme

Court noted that the failure to file a notice of appeal eliminated jurisdiction for

regular appellate review, but held: “[W]e conclude that Rule 21(a)(1) gives an

appellate court the authority to review the merits of an appeal by certiorari even if

the party has failed to file notice of appeal in a timely manner. Therefore, we conclude

that the Court of Appeals properly granted certiorari in this case.” Id. This use of

certiorari is proper even though “[c]ompliance with the requirements for entry of

notice of appeal is jurisdictional. Dogwood Dev. & Mgmt. Co. v. White Oak Transp.

Co., 362 N.C. 191, 197–98, 657 S.E.2d 361, 365 (2008).” Oates, 366 N.C. at 266, 732

S.E.2d at 573; Dogwood, 362 N.C. at 197 n.3, 657 S.E.2d at 365 n.3 (citations omitted)

(“We recognize that discretionary avenues of appellate jurisdiction exist in addition

to those routes of mandatory review conferred by statute.”). We grant Defendant’s

petition for writ of certiorari, and thereby obtain jurisdiction to consider the merits

of Defendant’s appeal even if Defendant’s right to appeal the 3 October 2018

 - 11 -
 STATE V. MANGUM

 Opinion of the Court

judgment “has been lost by failure to take timely action.” N.C. R. App. P 21(a)(1);

Anderson, 345 N.C. at 482, 480 S.E.2d at 663; see also N.C.G.S. § 7A-32(c) and State

v. Ledbetter, 371 N.C. 192, 196–97, 814 S.E.2d 39, 42–43 (2018).

 2. N.C.G.S. § 7A-32(c)

 The dissenting opinion argues that Defendant’s appeal “does not exist” due to

Rule 3 violations and “binding Supreme Court precedents”; therefore, we are without

jurisdiction to amend the record pursuant to Rule 9(b)(5), and that “review by

certiorari is not available . . . by statute or by precedents to Defendant.” Defendant’s

PWC and his motion to amend the record are separate requests, and we do not need

to grant certiorari in order to grant Defendant’s motion to amend. Further, the

dissenting opinion appears to conflate this Court’s jurisdiction to consider arguments

raised on direct appeal with this Court’s jurisdiction to consider arguments pursuant

to the authority given this Court by the General Assembly to grant extraordinary

writs such as certiorari. Direct appeal and certiorari are two distinct avenues by

which this Court may obtain jurisdiction over a matter: When “this Court cannot hear

defendant’s direct appeal [due to violation of a jurisdictional appellate rule], it does

have the discretion to consider the matter by granting a petition for writ of

certiorari[.]” State v. McCoy, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320–21 (2005)

 - 12 -
 STATE V. MANGUM

 Opinion of the Court

(citation omitted).2 Violations of certain appellate rules, such as Rule 3, can divest

this court of jurisdiction to consider an appellant’s direct appeal. Viar v. N.C. Dep't

of Transp., 359 N.C. 400, 610 S.E.2d 360 (2005). However, our Supreme Court has

repeatedly held that when N.C.G.S. § 7A-32(c), or any other act of the General

Assembly, has provided jurisdiction for this Court to grant certiorari in its discretion,

that jurisdiction be cannot revoked or limited by our appellate rules:

 [T]he General Assembly has stated that the Court of
 Appeals “has jurisdiction . . . to issue the prerogative writs,
 including . . . certiorari, . . . in aid of its own jurisdiction, or
 to supervise and control the proceedings of any of the trial
 courts of the General Court of Justice.” N.C.G.S. § 7A-
 32(c).

State v. Stubbs, 368 N.C. 40, 42, 770 S.E.2d 74, 76 (2015) (emphasis added). Our

Supreme Court subsequently reaffirmed this holding: “[A]s we explained in Stubbs,

if a valid statute gives the Court of Appeals jurisdiction to issue a writ of certiorari,

Rule 21 cannot take it away.” State v. Thomsen, 369 N.C. 22, 27, 789 S.E.2d 639, 643

(2016) (citation omitted).

 In State v. Ledbetter, 250 N.C. App. 692, 794 S.E.2d 551 (2016), rev'd, 371 N.C.

192, 814 S.E.2d 39 (2018), this Court reviewed Stubbs and Thomsen, then held that

even if a statute granted this Court jurisdiction, the Rules of Appellate Procedure

 2There are, of course, jurisdictional defects that cannot be “cured” by granting certiorari. For
example, if the trial court lacked subject matter jurisdiction, its judgment would be a nullity, and we
could not obtain jurisdiction to review that judgment by granting certiorari.

 - 13 -
 STATE V. MANGUM

 Opinion of the Court

could still restrict our authority to exercise that jurisdiction. Id. at 697, 794 S.E.2d at

555. Our Supreme Court disagreed:

 By concluding it is procedurally barred from exercising its
 discretionary authority to assert jurisdiction in this appeal,
 the Court of Appeals has, as a practical matter, set its own
 limitations on its jurisdiction to issue writs of certiorari.
 ....

 [However], the Court of Appeals had both the jurisdiction
 and the discretionary authority to issue defendant’s writ of
 certiorari. Absent specific statutory language limiting the
 Court of Appeals’ jurisdiction, the court maintains its
 jurisdiction and discretionary authority to issue the
 prerogative writs, including certiorari. Rule 21 does not
 prevent the Court of Appeals from issuing writs of
 certiorari or have any bearing upon the decision as to
 whether a writ of certiorari should be issued.

Ledbetter, 371 N.C. at 196–97, 814 S.E.2d at 42–43 (emphasis added).

 General statutory authority to grant Defendant’s PWC and review his

arguments is provided in N.C.G.S. § 7A-32(c); therefore, the proper inquiry is whether

another statute serves to limit that jurisdiction. Id. We have found no limiting

statute; however, we do find substantial precedent, cited above, that this Court may

grant certiorari in support of our appellate jurisdiction for the purpose of considering

the merits of an appeal otherwise jurisdictionally precluded from review on direct

appeal.3 See State v. Smith, __ N.C. App. __, __, 832 S.E.2d 921, 924 (2019) (citation

omitted) (“Due to questions about trial counsel’s notice of appeal, Defendant has filed

 3Again, with certain clear exceptions such as lack of jurisdiction in the trial court, or if no
judgment or order has been entered in the matter by the trial court.

 - 14 -
 STATE V. MANGUM

 Opinion of the Court

a petition for writ of certiorari in order to preserve his right to appeal the immediate

matter. Writs of certiorari are considered to be ‘extraordinary remedial writ[s]’ and

can serve as substitutes for an appeal.”). Similar to this case, “[i]n State v. Friend,

the trial court did not inform the defendant of his right to be heard on the issue of

attorney’s fees and costs. [T]his Court granted the defendant’s untimely appeal as to

the civil judgment.” State v. Baker, __ N.C. App. __, __, 817 S.E.2d 907, 909–10 (2018)

(citations omitted). This Court held that “[b]ased on the facts of the case sub judice,

we grant Defendant’s petition for writ of certiorari to review this issue on appeal[.]”

Id. at __, 817 S.E.2d at 910 (citation omitted); see also State v. Patterson, __ N.C. App.

__, __ S.E.2d __, 2020 WL 542812 (filed 4 Feb. 2020) (granting the State’s motion to

dismiss the defendant’s appeal for failure to file a written notice of appeal from civil

judgment entering attorney’s fees, but allowing the defendant’s motion to amend the

record to include the civil judgment, granting certiorari to consider the merits, and

vacating civil judgment for remand and hearing affording the defendant an

opportunity to contest the amount of fees assessed).

 This Court is also free to grant certiorari ex mero motu in order to allow

appellate review in circumstances similar to those before us: Matter of E.A., __ N.C.

App. __, __, 833 S.E.2d 630, 631 (2019) (citations omitted) (certiorari properly granted

even though “the order [from which the appellant purported to appeal] was filed after

[the appellant] filed his notice of appeal[,]” because “this Court has the discretionary

 - 15 -
 STATE V. MANGUM

 Opinion of the Court

authority . . . to ‘treat the purported appeal as a petition for writ of certiorari and

grant it in our discretion’”);4 see also Luther v. Seawell, 191 N.C. App. 139, 142, 662

S.E.2d 1, 3 (2008) (analysis and cases cited). “When certiorari is granted, the case is

before us in all respects as an appeal.” Furr v. Simpson, 271 N.C. 221, 223, 155 S.E.2d

746, 748 (1967) (citation omitted). Assuming, arguendo, Defendant’s appeal violates

Rule 3, we exercise our discretion and grant certiorari for the purpose of considering

the merits of Defendant’s arguments on appeal.

 D. State v. McKoy

 We note that the dissenting opinion cites our opinion in State v. McKoy, __,

N.C. App. __, __ S.E.2d __, (2020) (unpublished), filed concurrently with this opinion,

in support of its contention that “a purported appeal [] taken before and docketed

without any order or judgment having been entered . . . must be dismissed. There is

no final entered order nor anything else properly before this Court to review.”

However, in McKoy the defendant specifically argued that he was not appealing the

civil judgment ordering restitution itself, but the trial court’s rendering of that

judgment at trial. We denied the defendant’s PWC, not on a jurisdictional basis, but

based on our conclusion that he could not demonstrate any prejudice and, therefore,

review of the merits of his appeal would be pointless. Id. McKoy is unpublished, and

it contains no holding relevant to this case. Further, in this case we granted

 4 In E.A. this Court did not address the rule set forth in Abels, 126 N.C. App. at 804–05, 486
S.E.2d at 738, and Oates, 366 N.C. at 268, 732 S.E.2d at 574–75.

 - 16 -
 STATE V. MANGUM

 Opinion of the Court

Defendant’s motion to amend the record, and the 3 October 2018 civil judgment is

properly before us for review. N.C. R. App. P. 9(b)(5)(b.). In McKoy the defendant did

not seek to amend the record to include the civil judgment, if one existed.

 III. Defendant’s Appeal

 Defendant contends that the trial court erred in ordering payment of attorney

fees without affording him an opportunity to be heard. We agree.

 While trial courts are permitted “to enter a civil judgment against an indig[e]nt

defendant following his conviction in the amount of the fees incurred by the

defendant’s appointed trial counsel[,]” it is well established that defendants must first

“be given notice and an opportunity to be heard[.]” Baker, __ N.C. App. at __, 817

S.E.2d at 911. In this case, the trial court simply stated that it was going to enter a

civil judgment against Defendant for the repayment of his attorney’s fees, and it

provided Defendant no opportunity to be heard on the matter. As this Court stated

in State v. Friend, __ N.C. App. __, 809 S.E.2d 902 (2018):

 [B]efore entering money judgments against indigent
 defendants for fees imposed by their court-appointed
 counsel under N.C. Gen. Stat. § 7A-455, trial courts should
 ask defendants—personally, not through counsel—
 whether they wish to be heard on the issue. Absent a
 colloquy directly with the defendant on this issue, the
 requirements of notice and opportunity to be heard will be
 satisfied only if there is other evidence in the record
 demonstrating that the defendant received notice, was
 aware of the opportunity to be heard on the issue, and
 chose not to be heard.

 - 17 -
 STATE V. MANGUM

 Opinion of the Court

Id. at __, 809 S.E.2d at 907 (citations omitted); see also N.C.G.S. § 7A-455 (2019);

Baker, __ N.C. App. at __, 817 S.E.2d at 911–12; Stat v. Jacobs, 172 N.C. App. 220,

235, 616 S.E.2d 306, 316 (2005) (“this Court vacated a civil judgment imposing

attorney’s fees on the defendant where, notwithstanding a signed affidavit of

indigency, there was ‘no indication [in the record] that [the] defendant received any

opportunity to be heard on the matter’ of attorney’s fees”).

 “Therefore, in light of the foregoing, we vacate the trial court’s imposition of

attorney’s fees in this matter” and remand. Id. at 236, 616 S.E.2d at 317. “On

remand, the State may apply for a judgment in accordance with N.C. Gen. Stat. § 7A-

455, provided that [D]efendant is given notice and an opportunity to be heard

regarding the total amount of hours and fees claimed by the court-appointed

attorney.” Id. Defendant does not otherwise challenge the judgment entered 4 April

2018, and the remainder of that judgment is unaffected by our decision.

 AFFIRMED IN PART; VACATED IN PART AND REMANDED.

 Judge BERGER concurs with separate opinion.

 Judge TYSON dissents.

 - 18 -
No. COA 18-850 – State v. Mangum

 BERGER, Judge, concurring in separate opinion.

 $390.00. That is what this appeal concerns.

 Defendant knows from the initial appointment of counsel that he is responsible

for his court-appointed attorney’s fees. But, this Court has created an avenue for

these procedural appeals where defendants suffer no prejudice. These appeals cost

countless man-hours and tens-of-thousands of dollars, and elevate form over

substance. Because our precedent has opened this door, I concur in result only.

However, anyone interested in efficiencies and saving taxpayer dollars should hope

the Supreme Court of North Carolina takes advantage of this opportunity to return

us to the plain language of N.C. Gen. Stat. § 15A-1444(a2).
 No. COA18-850 – State v. Mangum

 TYSON, Judge, dissenting.

 I vote to dismiss this purported appeal and Defendant’s motion to amend the

record, and to deny Defendant’s petition for a writ of certiorari. I respectfully dissent.

 “It is not the role of the appellate courts to create an appeal for an

appellant. . . . Our Supreme Court previously stated that the Rules of Appellate

Procedure must be consistently applied; otherwise, the Rules become meaningless,

and an appellee is left without notice of the basis upon which an appellate court might

rule.” Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 192 N.C. App. 114,

118-19, 665 S.E.2d 493, 497-98 (2008) (quoting Viar v. N. Carolina Dep’t of Transp.,

359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005)); see also State v. Bursell, __ N.C. __,

__, 827 S.E.2d 302, 304 (2019) (“[F]ailure of the parties to comply with the rules, and

failure of the appellate courts to demand compliance therewith, may impede the

administration of justice. Accordingly, the Rules of Appellate Procedure are

mandatory and not directory.” (citations and internal quotation marks omitted)).

 I. No Jurisdiction, No Merit, No Prejudice

 Our Supreme Court and this Court have previously analyzed and addressed

each of the issues presented here. “This Court is without authority to entertain

appeal of a case which lacks entry of judgment. Announcement of judgment in open

court merely constitutes ‘rendering’ of judgment, not entry of judgment.” Abels v.
 STATE V. MANGUM

 TYSON, J., dissenting

Renfro Corp., 126 N.C. App. 800, 803, 486 S.E.2d 735, 737 (citations omitted), disc.

review denied, 347 N.C. 263, 493 S.E.2d 450 (1997).

 Under the statute, “a judgment is entered when it is reduced to writing, signed

by the judge, and filed with the clerk of court.” N.C. Gen. Stat. § 1A-1, Rule 58 (2017).

Multiple precedential and procedural rules hold that, absent an entry of judgment,

this Court is without jurisdiction or authority to entertain this appeal. Abels, 126

N.C. App. at 803, 486 S.E.2d at 737; see also State v. Jacobs, 361 N.C. 565, 566, 648

S.E.2d 841, 842 (2007) (citing N.C. R. App. P. 3(a), 9(a)(1)(h)) (where “there is no civil

judgment in the record ordering defendant to pay attorney fees, the Court of Appeals

had no subject matter jurisdiction on this issue.”).

 Defendant seeks to excuse his jurisdictional failures and criminal, civil, and

appellate rules violations with a circuitous path of unsupported motions and specious

arguments. His arguments are machinations to dodge and weave through the

jurisdictional and procedural bars, and multiple violations of the Rules and

precedents in an attempt to give credence to Defendant’s un-merited notions and non-

prejudicial motions.

 None of these notions or motions carry Defendant’s burden to demonstrate

appellate jurisdiction, merit, or any prejudice. Defendant has failed to invoke the

jurisdiction of this Court with his notice or record on appeal, to demonstrate any merit

in his claim, or to suffer any prejudice from the trial court’s civil judgment.

 2
 STATE V. MANGUM

 TYSON, J., dissenting

 Defendant requested and was appointed defense counsel. He knowingly and

voluntarily pled guilty to all charges, including attaining the status of a habitual

felon. Defendant was also informed by the trial court and agreed that his appointed

counsel is not a free counsel, and in the event he pled or was found guilty, he was

responsible for reimbursing his state-paid counsel’s fees. See N.C. Gen. Stat. § 7A-

455 (2019).

 Defendant was present in court and was ordered to pay his attorney’s fees at

sentencing. He was free to question or challenge the court’s order, but failed to do so.

Defendant did not inform the State or trial court that his guilty pleas were

conditioned upon appeal to preserve any issue to seek appellate review. See N.C.

Gen. Stat. § 15A-1444 (2019).

 The trial court determined the “extraordinary sum” of $390.00 in attorney’s

fees was owed and to be reimbursed to the State. The trial court entered a civil

judgment to reimburse the taxpayers on 3 October 2018. State v. Baker, __ N.C. App.

__, __, 817 S.E.2d 907, 911 (2018) (trial courts are permitted “to enter a civil judgment

against an indig[e]nt defendant following his conviction in the amount of the fees

incurred by the defendant’s appointed trial counsel” (citation omitted)). The

majority’s opinion recognizes this sum is a valid debt owed by Defendant to be entered

again on remand. Defendant cannot demonstrate any merit in his argument nor any

prejudice to pay what he owes.

 3
 STATE V. MANGUM

 TYSON, J., dissenting

 We all agree with the State’s arguments that Defendant has wholly failed to

comply with the mandatory appellate rules and criminal and civil procedures for

appealing from the entry of the 3 October 2018 civil judgment, which ordered him to

reimburse his agreed-upon and justly-due attorney’s fees. Defendant’s failure to

comply with the multiple Rules deprives this Court of jurisdiction to consider his

assertions upon direct appeal. Abels, 126 N.C. App. at 803, 486 S.E.2d at 737. We

all also agree that multiple prior precedents hold that violations of certain appellate

rules, including Rule 3, divest this Court of jurisdiction to consider an appellant’s

direct appeal and mandates dismissal: “Failure to follow the rules will subject an

appeal to dismissal.” Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362

N.C. 191, 194, 657 S.E.2d 361, 363 (2008) (citations and alterations omitted).

Defendant’s appeal is properly dismissed.

 II. Amendment Does Not Cure Jurisdictional Defaults

 We also all agree Defendant was required by the Rules to file the record and

proceed with this appeal only after entry of the 3 October 2018 order, and that entered

order was required to be included in the record on appeal in order to confer regular

appellate jurisdiction on this Court. See N.C. R. App. P. 3(d); see also Jacobs, 361

N.C. at 566, 648 S.E.2d at 842 (“because there is no civil judgment in the record

ordering defendant to pay attorney fees, the Court of Appeals had no subject matter

jurisdiction on this issue” (emphasis supplied) (citations omitted)).

 4
 STATE V. MANGUM

 TYSON, J., dissenting

 “The appellant’s compliance with the jurisdictional rules governing the taking

of an appeal is the linchpin that connects the appellate division with the trial division

and confers upon the appellate court the authority to act in a particular case.”

Dogwood, 362 N.C. at 197, 657 S.E.2d at 364-65 (citations omitted). “It is

fundamental that a court cannot create jurisdiction where none exists.” Ponder v.

Ponder, 247 N.C. App. 301, 306, 786 S.E.2d 44, 48 (2016) (citations and internal

quotation marks omitted).

 Appellate Rule 3(a) requires: “Any party entitled by law to appeal from a

judgment or order of a superior . . . court rendered in a civil action or special

proceeding may take appeal by filing notice of appeal with the clerk of superior court

. . . within the time prescribed by subsection (c) of this rule.” N.C. R. App. P. 3(a).

The State correctly argues: (1) Defendant failed to comply with the mandatory

requirements of Rule 3; (2) this Court lacks jurisdiction to consider Defendant’s

purported notice of appeal; and, (3) the appeal must be dismissed. Id.; see also Viar,

359 N.C. at 401, 610 S.E.2d at 361. “Stated differently, a jurisdictional default brings

a purported appeal to an end before it ever begins.” Dogwood, 362 N.C. at 198, 657

S.E.2d at 365.

 “It is well established in this jurisdiction that it is the duty of the appellant to

see that the record on appeal is properly made up and transmitted.” State v.

Dellinger, 308 N.C. 288, 294, 302 S.E.2d 194, 197 (1983) (citation omitted). The

 5
 STATE V. MANGUM

 TYSON, J., dissenting

record on appeal was proposed by Defendant and became the settled record on this

appeal as a matter of law on 20 August 2018, after the State decided not to challenge

or to serve notice of approval or objections, amendments, or an alternative proposed

record. See N.C. R. App. P. 11(b).

 Defendant’s purported appeal was taken and docketed in this Court prior to

entry of the 3 October 2018 civil judgment from which he purports to appeal. The

record was not compliant with Rules 9(a)(1)(h) and 11(b) and long-standing

precedents when it was docketed without and prior to the civil judgment being

entered. Over 136 years ago, our Supreme Court held: “To make [the trial court’s]

purpose a judgment, it must be entered of record, and until this shall be done, there

is nothing to appeal from.” Logan v. Harris, 90 N.C. 7, 7 (1884). Compliance with

the requirements for entry of notice of appeal is jurisdictional. Dogwood, 362 N.C. at

197-98, 657 S.E.2d at 365. Appellate Rule 2 cannot be used to grant appellate review,

where no jurisdiction exists. See Ponder, 247 N.C. App. at 306, 786 S.E.2d at 48.

 In its response to Defendant’s motion seeking to amend the record to add the

missing judgment, the State also correctly argues that binding precedents show

Defendant’s notice of appeal was only from “the judgment entered in this cause on

April 4, 2018,” and not from the “rendering” of the civil judgment concerning

attorney’s fees in open court. As a result, the State also correctly argues that N.C.

Gen. Stat. § 15A-1444 limits appeals from guilty pleas and removes this Court’s

 6
 STATE V. MANGUM

 TYSON, J., dissenting

appellate review to consider Defendant’s arguments here. See N.C. Gen. Stat. § 15A-

1444; State v. Pimental, 153 N.C. App. 69, 73, 568 S.E.2d 867, 870, disc. review denied,

356 N.C. 442, 573 S.E.2d 163 (2002).

 Rule 3(a) and binding Supreme Court precedents also prohibit this Court from

granting Defendant’s motion to amend the record of a purported appeal that does not

exist, and consequently, over which this Court unquestionably does not possess and

cannot assert jurisdiction, i.e., the power to act. N.C. R. App. P. 3(a) (2019); Logan,

90 N.C. at 7. None of these binding precedents or Rules, facts, or arguments are

refuted by Defendant or explained away in the majority’s opinion, which expressly

recognizes the Rules and precedents. Defendant’s purported direct appeal is properly

dismissed and is not saved through Defendant’s motion for a purported amendment.

 III. Petition for Writ of Certiorari

 It is uncontested that Defendant filed a defective notice of appeal.

Subsequently, Defendant filed a petition for a writ of certiorari (“PWC”).

 “Certiorari is a discretionary writ, to be issued only for good and sufficient

cause shown.” State v. Grundler, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citation

omitted). To warrant consideration, our Supreme Court held Defendant’s “petition

for the writ must show merit or that error was probably committed below.” Id.

(citation omitted). Without threshold allegations of merit and prejudice, review by

 7
 STATE V. MANGUM

 TYSON, J., dissenting

certiorari is not available to either by statute or by precedents to Defendant. Id.; N.C.

Gen. Stat. §§ 15A-1442, 15A-1444(g).

 To warrant issuance of the writ, Defendant’s petition must show the purported

issue on appeal has potential merit and, even if meritorious, that he suffered

prejudice. Id. While his petition is not required to show he is certain to prevail on

the merits, it alleges no potential of merit, asserts no prejudice or probability of a

different result on remand. Defendant’s meritless petition is properly denied. See id.

 The majority’s opinion does not state any basis to allow the petition or invoke

Rule 2, but nonetheless grants Defendant’s petition, purports to amend the record,

and address the merits. As such, I also address Defendant’s lack of demonstrated

merit or prejudice in the underlying issue.

 Defendant recognizes “his notice of appeal [was] insufficient” to invoke

jurisdiction. As a result, he filed a PWC “out of an abundance of caution.” In response

to Defendant’s PWC, the State again correctly states and argues our rules and

precedents require the purported PWC be dismissed, as required by the Appellate

Rules. N.C. R. App. P. 21(c) (“petition shall contain a . . . certified cop[y] of the

judgment, order, or opinion or parts of the record which may be essential to an

understanding of the matters set forth in the petition.”). The State also correctly

asserts, “this Court is without authority to entertain an appeal where there has been

 8
 STATE V. MANGUM

 TYSON, J., dissenting

no entry of judgment.” Searles v. Searles, 100 N.C. App. 723, 725, 398 S.E.2d 55, 56

(1990) (citation omitted).

 Unlike here, all cases cited in the majority’s opinion allowing an amendment

added an existing judgment entered prior to the appeal being taken to the record on

appeal, but was mistakenly omitted therefrom. State v. Petersilie, 334 N.C. 169, 177-

78, 432 S.E.2d 832, 837 (1993); State v. Felmet, 302 N.C. 173, 176, 273 S.E.2d 708,

711 (1981) (our Supreme Court “decided to allow the amendment [pursuant to Rule

9(b)(5)(b)] to reflect subject matter jurisdiction and then pass upon the substantive

issue of the appeal” (emphasis supplied)); Williams v. United Cmty. Bank, 218 N.C.

App. 361, 367, 724 S.E.2d 543, 548 (2012).

 None of these cases support allowing an amendment to include a judgment,

which had not yet been entered when the appeal was taken and docketed, in order to

retroactively supply jurisdiction, which did not exist when Defendant’s appeal was

taken or docketed.

 We also all agree that even if a civil judgment has been entered, because

Defendant failed to include it in the record, this Court lacks jurisdiction to review it,

and no relief from that order could be granted. By extension, if a purported appeal is

taken before and docketed without any order or judgment having been entered, the

appeal must be dismissed. There is no final entered order nor anything else properly

before this Court to review. Logan, 90 N.C. at 8; State v. McKoy, No. COA18-599, __

 9
 STATE V. MANGUM

 TYSON, J., dissenting

N.C. App. __, __ S.E.2d __ (2020) (unpublished); Searles, 100 N.C. App. at 725, 398

S.E.2d at 56.

 IV. Conclusion

 The record on appeal contains no entered order that Defendant properly

appealed from to invoke appellate jurisdiction for this Court to review. Defendant’s

purported notice of appeal is fatally defective and must be dismissed. See N.C. R.

App. P. 3(a). Amendment does not provide jurisdiction to an appeal taken and

docketed months prior to the entry of the civil judgment on 3 October 2018 and also

does not include the judgment purportedly appealed from.

 Defendant’s purported notice of appeal only asserts review of Defendant’s

criminal judgment entered upon his guilty pleas, which is barred by statute. N.C.

Gen. Stat. § 15A-1444(a1) (2019). We all agree Defendant does not otherwise

challenge the sentence or judgment entered on 4 April 2018 pursuant to his guilty

pleas and those judgments are undisturbed.

 Defendant has failed to demonstrate any prejudice. The majority’s decision

remands for the trial court to again enter the same judgment it has already entered.

The purported appeal does not invoke this Court’s appellate jurisdiction and the

Defendant’s PWC is wholly without merit.

 I also concur with Judge Berger’s separate concurring in the result only

opinion, wherein he concludes these procedural appeals cost countless hours of labor

 10
 STATE V. MANGUM

 TYSON, J., dissenting

and tens-of-thousands of dollars, and “elevates form over substance. . . . [A]nyone

interested in efficiencies and saving taxpayer dollars should hope the Supreme Court

of North Carolina takes advantage of this opportunity to return us to the plain

language of N.C. Gen. Stat. § 15A-1444(a2).”

 Scarce judicial resources and taxpayer funds are wasted with these purported

“appeals,” which show no jurisdiction, assert no merits, result in no prejudice, and

where the trial court will enter the same civil judgment of $390.00 on remand that

Defendant acknowledged he owes.

 There is nothing before this Court to properly review or remand. I vote to

dismiss Defendant’s purported appeal and motion to amend, and to deny his PWC. I

respectfully dissent.

 11