An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-146

Filed 3 December 2025

Nash County, No. 22CR050972-630

STATE OF NORTH CAROLINA

> v.

RAMONE DESHON LUCAS

Appeal by Defendant from judgment entered 13 September 2023 by Judge Timothy W. Wilson in Nash County Superior Court. Heard in the Court of Appeals 11 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General A. Mercedes Restucha, for the State.*

> *John W. Moss for the Defendant.*

WOOD, Judge.

Ramone Deshon Lucas ("Defendant") seeks review of an order of attorney's fees entered against him and a civil judgment entered against him for restitution. Defendant petitions this Court for issuance of a *writ of certiorari* to review both attorney's fees and restitution. In our discretion, we grant Defendant's petition on the issue of restitution. On appeal, Defendant argues the restitution amount ordered

was not supported by sufficient evidence. After careful review of the record, we vacate the trial court's restitution order and remand for rehearing.

## I. Factual and Procedural Background

On 13 September 2023, Defendant was found guilty of felonious breaking or entering, felonious larceny, and possession of a stolen vehicle. These convictions arose from the theft of a blue Yamaha four-wheeler.[1] The owner of the four-wheeler, Karen Battle, testified at trial that her family purchased the blue four-wheeler for $14,000.00 including finance charges. Prior to sentencing, the State requested restitution in the amount of $3,200.00. The State informed the trial court, "[t]his is the amount after insurance payments. *This is a figure generated by the Battle family*, placing that loss after insurance payment at $2,300.04 for the Yamaha, and $900.00 for towing fees." However, Karen Battle indicated during her testimony that the $900.00 in towing fees related to the red four-wheeler. The State presented no other evidence to support these figures. The trial court asked Defendant if he wished to address the restitution amount, which he declined.

For the charge of felonious breaking or entering, Defendant was sentenced to 10 to 21 months of active imprisonment and the trial court stated,

> [Trial Court:] The Court recommends that the defendant
> take advantage of any and all educational or vocational
> programs or opportunities offered by the DAC. Restitution

---

[1] The testimony and evidence presented at trial tends to show that two four-wheelers were stolen from the Battle family: a red Honda and a blue Yamaha. However, Defendant's charges relate solely to the theft of the blue Yamaha four-wheeler.

in the amount of $3,200.04, plus attorneys fees - - [Defense Counsel]?

[Defense Counsel:] Judge, I have not - - I have not figured it.

[Trial Court:] All right, that's fine. - - plus attorneys fees, plus court costs, are to be docketed as a civil judgment only.

For the charge of felonious larceny Defendant was sentenced to 10 to 21 months of active imprisonment to run at the expiration of the previous sentence. Following sentencing, the trial court again stated, "court costs, attorney fees to be docketed as a civil judgment."

Defendant gave oral notice of appeal in open court but, at that time, no civil judgment for restitution or attorney's fees had been entered. Defendant did not file a written notice of appeal. The criminal judgment sentencing sheet for the charge of felonious breaking or entering indicates the Court ordered the following fees: $3,200.04 in restitution, $1,820.00 in attorney's fees, $3,810.50 in costs, and $75.00 in appt. fee/misc. fees. It further states, "ALL MONIES OWED SHALL BE COLLECTED AS A CIVIL JUDGMENT ONLY." While the record contains the order for restitution, the record does not contain a civil judgment for the award of attorney's fees.

## II. Analysis

Defendant presents two issues on appeal. First, Defendant argues he did not receive the opportunity to be heard on the issue of attorney's fees prior to the trial

court's award in the amount of $1,820.00. Second, Defendant argues the State did not provide sufficient evidence to support the restitution award in the amount of $3,200.04.

## A. Jurisdiction

Defendant filed a petition for *writ of certiorari* contemporaneously with his opening brief in which he concedes his oral notice of appeal was insufficient to invoke this Court's jurisdiction over the entry of the award for attorney's fees and restitution because both were to be docketed as civil judgments even though they arose from a criminal proceeding.

When the petitioner puts forth a meritorious argument, the *writ of certiorari* should be allowed to avoid manifest injustice. *State v. Simpson*, 293 N.C. App. 763, 766, 901 S.E.2d 251, 253-54 (2024). "A petition for the writ must show merit or that error was probably committed below." *State v. Villarreal*, 296 N.C. App. 136, 143, 907 S.E.2d 80, 86 (2024) (quoting *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959)).

For the reasons stated below, Defendant has shown merit on the issue of restitution. Thus, we grant Defendant's petition to reach the merits of his challenge to the restitution order, but must dismiss the petition on the issue of attorney's fees for lack of subject matter jurisdiction.

## B. Restitution

Defendant argues the trial court erred by ordering him to pay $3,200.04 in

restitution because the State did not present documentary evidence or elicit "any sworn testimony regarding the fair market value of the Blue Yamaha at the time of the taking." Defendant argues the trial court appears to rely solely on statements made by the State without any evidence to support these amounts. We agree.

Whether a trial court's restitution order is supported by competent evidence is reviewed *de novo*. *Villarreal*, 296 N.C. App. at 143, 907 S.E.2d at 86. "The amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing." *Id.* (quoting *State v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995)). In cases involving the damage, loss, or destruction of property where the return of the property is impossible, impracticable, or inadequate the court shall consider "[t]he value of the property on the date of the damage, loss, or destruction" or "[t]he value of the property on the date of sentencing, less the value of any part of the property that is returned[]" when determining the amount of restitution. N.C. Gen. Stat. § 15A-1340.35(a)(2). The Battle family never regained possession of the blue four-wheeler.

When asked whether the State was requesting restitution in the case, the prosecutor responded:

> Your Honor, the State does have a restitution figure, $3,200.00. This is the amount after insurance payments. *This is a figure generated by the Battle family*, placing that loss after insurance payment at $2,300.04 for the Yamaha, and $900.00 for towing fees.

While testimony was presented on the value of the blue four-wheeler when it was

initially purchased and about the towing costs the family incurred for the red four-wheeler, the State concedes on appeal that there was no testimony or evidence presented as to the *fair market value* of the blue four-wheeler or to the specific amount paid to the Battle family by the insurance company. Thus, it is unclear how the trial court arrived at this valuation. Further, the testimony regarding the $900.00 in towing fees was not related to the theft of the blue four-wheeler. The trial court erred in the calculation of the restitution award. On appeal, the State contends the matter should be vacated and remanded to the trial court to "specify how the restitution award was calculated; and if warranted, for the court to conduct further proceedings to determine the amount of damage proximately caused by Defendant's conduct and calculate the amount of restitution." We agree.

Because "there is no civil judgment in the record ordering defendant to pay attorney fees," this Court has no subject matter jurisdiction on the issue. *State v. Jacobs*, 361 N.C. 565, 566, 648 S.E.2d 841, 842 (2007). Thus, we decline to address Defendant's argument regarding attorney fees. We note, however, that on appeal the State conceded that, "[t]here is no indication in the transcript that the trial court afforded Defendant personally an opportunity to be heard on the issue." Before a trial court can impose a judgment for attorney's fees, it "*must* afford the defendant notice and an opportunity to be heard." *Simpson*, 293 N.C. App. at 766, 901 S.E.2d at 254. "Trial courts should ask defendants—personally, not through counsel—whether they wish to be heard on the issue." *State v. Corpening*, 276 N.C. App. 41, 44, 854

S.E.2d 819, 822 (2021) (cleaned up) (quoting *State v. Friend*, 257 N.C. App. 516, 523, 809 S.E.2d 902, 907 (2018)).  Thus, the trial court must provide Defendant notice and the opportunity to be heard on the issue of attorney's fees prior to the entry of the civil judgment.

## III.    Conclusion

For the foregoing reasons, we hold the trial court erred by entering an award for restitution without sufficient evidence to support the specified amount. Thus, we vacate the trial court's restitution order and remand for rehearing on the issue.

VACATED AND REMANDED.

Judges HAMPSON and GRIFFIN concur.

Report per Rule 30(e).