GEORGE W. LOGAN v. J. C. L. HARRIS.

*Appeal—Judgment of Record.*

An appeal will be dismissed where the transcript fails to show a judgment of record from which the same was taken.

(*Davis* v. *Shaver*, Phil., 18; *Jones* v. *Call*, 89 N. C., 188, cited and approved). .

CIVIL ACTION tried at Spring Term, 1882, of RUTHERFORD Superior Court, before *Gudger, J.*

The defendant appealed.

*Messrs. Hoke & Hoke*, for plaintiff.
*Mr. W. S. Mason* and *Hinsdale & Devereux*, for defendant.

MERRIMON, J. The original process and the pleadings appear in the record. It likewise appears that sundry issues were submitted to a jury, and a verdict was duly rendered upon them; that thereupon the defendant moved for a new trial, which motion was denied by the court, and he then moved in arrest of judgment, which motion was also denied; and the defendant took an appeal to this court. No judgment, nor any minute or memorandum of a judgment, appears in the record.

An appeal can be taken in a case like the present one only from a judgment, in the cases allowed by THE CODE, §548, *entered of record*. The entry of a judgment on the record is essential to its completeness and efficiency. It is this that gives it life and certainty, and perpetuates it as an established memorial. It is not sufficient that the court had taken its resolution as to what judgment it would enter—this is only in the mind of the judge. To make his purpose a judgment, it must be entered of record, and until this shall be done, there is nothing to appeal from.

This court has gone very far in supporting imperfect entries of judgment, but it has always held that there must, at least, be some memorandum or minute from which it can be seen what was intended by the court. If there is an entry implying, with reasonable certainty, enough from which the judgment can be drawn out in proper form, this will be upheld as sufficient. *Davis* v. *Shaver*, Phil., 18. But this court cannot infer or conjecture that a judgment was given by the court below. It acts upon the record, and what is in and of it—not what the court making it intended to put upon it, but through inadvertence or neglect, failed to do so.

It is probable that, in this case, the court intended to enter a judgment, and the parties and their counsel so understood, but what judgment, does not appear; nor is there any minute from which we can ascertain what it was intended to be. It is said in the case upon appeal there was "judgment," but none appears in the record proper.

This is only another illustration of the loose and careless practice too generally tolerated, and if the plaintiff suffers from it, he can justly complain only at himself and his counsel.

The appeal was improvidently taken. There was no judgment to appeal from. It will be sufficient for the defendant to appeal when a judgment shall be entered of record, if he shall be so advised.

This court must see that cases come to it according to law, in order that it may get jurisdiction, and as well with the view to uphold a wholesome practice. *Jones* v. *Call*, 89 N. C., 188.

The appeal must be dismissed, and it is accordingly so ordered.

Appeal dismissed.