HELEN W. FURR, PLAINTIFF, v. JOHN EDGAR SIMPSON, JR., AND SNYDER PAPER COMPANY, A CORPORATION, ORIGINAL DEFENDANTS, AND RONALD P. BAIRD, ADDITIONAL DEFENDANT.

(Filed 24 July, 1967.)

**1. Appeal and Error § 6—**

　　Whether an appeal from the denial of a pretrial examination is subject to dismissal as premature *held* moot when *certiorari* bringing the entire case before the Supreme Court is allowed.

**2. Bill of Discovery § 3—**

　　Pretrial examination of the adverse party in proper instances within the purview of G.S. 1-568.11 is available to the applicant as a matter of right. G.S. 1-568.3(2).

**3. Same—**

　　In this personal injury action plaintiff contended that a breast tumor which she had suffered was aggravated by the accident. Defendant sought by pretrial examination of plaintiff, information as to the name and whereabouts of plaintiff's first husband, a doctor who had treated the tumor. *Held:* The information was pertinent and unavailable to defendant except by pretrial examination, and the court was in error in failing to require plaintiff to answer.

ON *certiorari*, granted on original defendants' petition, to review order entered by *Falls, J.*, at the 16 January 1967 Schedule "C" Non-Jury Session of MECKLENBURG.

Plaintiff instituted this action to recover for personal injuries allegedly sustained on 26 October 1965 when the automobile which she was driving was struck from the rear by a truck owned by the corporate defendant and operated by defendant Simpson. Original defendants made Ronald P. Baird an additional defendant for the purpose of contribution upon allegations that he negligently drove his vehicle into the rear of the truck which defendant Simpson was driving, thereby causing it to strike plaintiff's vehicle.

After the pleadings were filed, on 17 September 1966 the original defendants took the adverse examination of plaintiff "by consent of

the parties with all formalities waived." Counsel representing all parties were present. Plaintiff testified, *inter alia:* In addition to an injury to her cervical spine and other injuries sustained in the accident, her right breast was bruised when it hit the gearshift. For twenty years she had had a tumor in that breast, which had never bothered her prior to the collision in suit. Because of the bruise, however, the tumor was removed about a week after the accident. She said:

> "I am going to have to have some others removed simply because of the removal of the other one. It has been a benign thing that has been there for 20 years. My first husband was a doctor, and I was told 20 years ago that tumors should be left alone, that it would never give me any trouble unless it was hit. And it was, and then it grew and had to come out. I have been married before. . . . Before the accident of October 1965, and while I was married to my first husband who was a doctor, I had a small lump in the right breast removed."

Following this disclosure, counsel for defendants asked plaintiff for information which is summarized in the following questions: What was the name of your first husband? What was the name of the doctor to whom you were once married? How long were you married to the doctor? Is he living now? If so, where is he living? Did he ever treat you for a breast tumor? What names have you used other than Mrs. Helen W. Furr, the name you are using presently? Have you been known by any other name?

Upon the advice of her counsel, plaintiff declined to answer the questions. As a consequence, original defendants gave the notice required by G.S. 1-568.14(b) and (c) and moved the court under G.S. 1-568.18 that plaintiff be required to answer the above questions. Judge Falls, purporting to act in his "sound discretion," denied the motion. Defendants excepted and gave notice of appeal. At the time of docketing the appeal, appellants also filed a petition for *certiorari,* which was allowed on 8 March 1967.

*Welling & Miller for plaintiff appellee.*

*Carpenter, Webb & Golding by Fred C. Meekins and William B. Webb for John Edgar Simpson, Jr., and Snyder Paper Company, a corporation, original defendants.*

SHARP, J. The general rule seems to be that orders requiring, or refusing to require, a party to answer questions in a pretrial examination are not immediately appealable. Annot., Appealability of order pertaining to pretrial examination, discovery, interrogatories,

production of books and papers, or the like, 37 A.L.R. 2d 586 (1954); 4 Am. Jur., 2d, Appeal and Error § 79 (1962). Appellee's contention that this appeal should be dismissed as premature, however, is rendered feckless by our order allowing *certiorari.* When *certiorari* is granted, the case is before us in all respects as an appeal. *Williams v. Board of Education,* 266 N.C. 761, 147 S.E. 2d 381.

"After the 'examining party' and 'the party to be examined' have both filed their pleadings, 'an examination is a matter of right and may be had as provided by G.S. 1-568.11.'" *Aldridge v. Hasty,* 240 N.C. 353, 356, 82 S.E. 2d 331, 335. Defendants' sole purpose in examining plaintiff was to obtain evidence to be used at the trial. G.S. 1-568.3(2). The only way in which defendants can obtain the name under which plaintiff was first treated for a condition which she contends was aggravated by the accident in suit is to learn the name of the man to whom she was then married. Without it, as defendants point out, they can make no "exploration of previous accidents and injuries" to the portions of her body "which are the subject matter of the plaintiff's claim for damages." Patently, if their investigation is to be of any use to defendants, it must be made before trial, and, as a practical matter, the only way they can obtain the name of plaintiff's former husband is by a pretrial examination of plaintiff. She was born and educated in Illinois. She has lived in North Carolina only four years. She came to this State from Missouri, where she had lived for five years. Her first breast operation was performed in Salt Lake City, Utah.

There would appear to be no legitimate reason why plaintiff should not disclose the name of the doctor to whom she was married at the time she had her first breast operation and whether he treated her for it. If, however, the relation of doctor and patient existed between plaintiff and her former husband, any information which he acquired while attending her in his professional character is protected by G.S. 8-53 in the same manner as if they had not been married to each other. See *Lockwood v. McCaskill,* 261 N.C. 754, 136 S.E. 2d 67.

The order of Falls, J., is reversed, and the case remanded with directions that an order be entered requiring plaintiff to answer the questions set out in the transcript which, upon advice of counsel, she refused to answer. One who takes a case to court as a litigant must, upon the request of his adversary, fully disclose his identity.

Reversed and remanded.