BERGER, Judge.
 

 *238
 
 On June 6, 2017, William Oscar Baker ("Defendant") was held in criminal contempt and sentenced to thirty days in jail in Robeson County Superior Court. Defendant appeals, arguing the trial court erred in holding him in criminal contempt and entering a civil judgment against him for reimbursement of court appointed attorney fees. We affirm the part of the trial court's order for criminal contempt, but vacate the portion assessing attorney's fees and remand for a new hearing on that issue.
 

 Factual and Procedural Background
 

 On September 28, 2016, the matter of
 
 State v. McCormick
 
 ("the trial") was heard in Robeson County Superior Court in. Defendant, McCormick's cousin, was sitting in the audience. During the trial, an exchange occurred between a witness and Defendant that interrupted the State's direct examination of that witness. As a result of this exchange, the trial court held a separate hearing outside the presence of the jury to determine the cause of the interruption. The witness testified that Defendant was shaking his head and making a gun gesture at him while he was on the witness stand. After this hearing, the trial court ordered Defendant to show cause for the interruption.
 

 *239
 
 On June 6, 2017, the trial court held a hearing on the order to show cause. The State introduced two transcripts into evidence. The first transcript was a one-page excerpt taken from the testimony of the witness during the trial. The second transcript reflected the additional interview with the witness taken after testimony was over in the trial. Defendant objected to the transcripts as hearsay evidence, and the trial court stated that it would receive the transcripts into evidence for the limited purpose of "setting
 
 *909
 
 forth the circumstances in which the inquiry and the allegations of the contemptuous act [were] made."
 

 The State subsequently called three witnesses to testify to the events that occurred in the courtroom on September 28, 2016. The evidence presented tended to show that the witness became agitated on the stand and spoke to Defendant who was sitting in the courtroom behind the defense table. The witness told Defendant to stop shaking his head. Defendant also made a gun gesture with his hand and mouthed incomprehensible words towards the witness. The Assistant District Attorney was present during the trial, and testified to the following at the show cause hearing:
 

 [Defendant] came in. I saw him move back to the second row, and then I could hear him talk-he was mumbling something. I couldn't make out what. And then I noticed that the witness ... was looking off in that direction, and it attracted my attention to [Defendant]. And I saw him nodding his head. It looked like he was mouthing something to the witness. Then I saw him make a gun with his hand and sort of put it up like this while he was gesturing and nodding his head towards [the witness].
 

 ....
 

 I saw him nodding his head and gesturing with his hands. And at one point-so [he] made what would look like a gun with his hand while he was-it looked like he was addressing [the witness] who was testifying.
 

 Defendant also testified at the hearing, acknowledging that he sat in the second row during the trial on September 28, 2016. Defendant testified that he did not make any gesture, but stated that he was twisting his dreadlocks and talking to McCormick's father during the trial. Defendant stated that he did not say anything to the witness during the trial.
 

 *240
 
 The trial court then made the following findings of fact:
 

 During the trial of [
 
 State v. McCormick
 
 ] the above Defendant was seen by a testifying state witness ... to have made a hand gesture as to be pointing a gun to his head and shaking his head. Court was stopped and made inquir[ies] from multipl[e] witnesses concerning the incident and issued a show cause order.
 

 A hearing was held this day and witnesses for the State and the defense testified as to the events of September 28, 2016.
 

 Further, the trial court found that "[d]uring [the witness'] testimony, the Defendant did make the hand gesture as to be pointing a gun to his head, which disrupted the court proceedings."
 

 The trial court found Defendant to be in willful contempt of court, in violation of N.C. Gen. Stat. § 5A-11(a)(1) and sentenced Defendant to thirty days in jail. The trial court also entered a civil judgment for attorney's fees and costs against Defendant. After judgment was entered, Defendant gave oral notice of appeal. Defendant filed a petition for writ of certiorari on January 24, 2018 seeking a belated appeal of the court's imposition of the civil judgment.
 

 Petition for Writ of Certiorari
 

 Defendant seeks review of the civil judgment of attorney's fees and costs, but acknowledges his appeal is untimely. Defendant relies on our recent case,
 
 State v. Friend
 
 , --- N.C. App. ----,
 
 809 S.E.2d 902
 
 (2018), arguing he did not have an opportunity to be heard on the issue of attorney's fees. We agree and grant his petition for certiorari.
 

 "Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown."
 
 State v. Grundler
 
 ,
 
 251 N.C. 177
 
 , 189,
 
 111 S.E.2d 1
 
 , 9 (1959) (citation omitted),
 
 cert. denied
 
 ,
 
 362 U.S. 917
 
 ,
 
 80 S.Ct. 670
 
 ,
 
 4 L.Ed. 2d 738
 
 (1960). It is well-established that without proper notice of appeal, this Court does not acquire jurisdiction to review the appeal.
 
 State v. McCoy
 
 ,
 
 171 N.C. App. 636
 
 , 638,
 
 615 S.E.2d 319
 
 , 320,
 
 appeal dismissed
 
 ,
 
 360 N.C. 73
 
 ,
 
 622 S.E.2d 626
 
 (2005).
 

 In
 
 State v. Friend
 
 , the trial court did not inform the defendant of his right to be heard on the issue of attorney's fees and costs.
 
 Friend
 
 , --- N.C. App. at ----,
 
 809 S.E.2d at 907
 
 . Accordingly, this Court granted the defendant's untimely appeal as to the civil judgment.
 

 *910
 

 Id
 
 . Here, Defendant filed a belated appeal seven months after his hearing. However, as illustrated below, this case is procedurally similar to
 
 State v. Friend
 
 , and
 
 *241
 
 Defendant did not have the opportunity to be heard on the issue of payment of attorney's fees pursuant to N.C. Gen. Stat. § 7A-455(b). Based on the facts of the case
 
 sub judice
 
 , we grant Defendant's petition for writ of certiorari to review this issue on appeal under Rule 21(a).
 
 See
 
 N.C.R. App. P. 21(a).
 

 Standard of Review
 

 In contempt cases, the standard of review is "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment."
 
 State v. Simon
 
 ,
 
 185 N.C. App. 247
 
 , 250,
 
 648 S.E.2d 853
 
 , 855 (citation and quotation marks omitted),
 
 disc. review denied
 
 ,
 
 361 N.C. 702
 
 ,
 
 653 S.E.2d 158
 
 (2007). In contempt proceedings, "the trial judge's findings of fact are conclusive when supported by any competent evidence and are reviewable only for the purpose of passing on their sufficiency."
 
 State v. Coleman
 
 ,
 
 188 N.C. App. 144
 
 , 148,
 
 655 S.E.2d 450
 
 , 453 (2008) (citation, quotation marks, and ellipses omitted). Furthermore, the "trial court's conclusions of law drawn from the findings of fact are reviewable de novo."
 
 Simon
 
 ,
 
 185 N.C. App. at 250
 
 ,
 
 648 S.E.2d at 855
 
 (citation and quotation marks omitted).
 

 Analysis
 

 Defendant alleges the trial court erred because (1) there was no competent evidence to support the trial court's judgment of criminal contempt due to the trial court admitting inadmissible hearsay, and (2) the trial court did not give Defendant notice and an opportunity to be heard on the order for attorney's fees pursuant to N.C. Gen. Stat. § 7A-455(b). We address each argument in turn.
 

 I.
 
 Criminal Contempt
 

 Defendant contends the trial court erred because Defendant was found in criminal contempt based upon inadmissible hearsay. We disagree.
 

 Section 5A-11(a)(1) states that criminal contempt is "[w]illful behavior committed during the sitting of a court and directly tending to interrupt its proceedings." N.C. Gen. Stat. § 5A-11(a)(1) (2017). "[A] show cause order in a criminal contempt proceeding is akin to an indictment, and the burden of proof beyond a reasonable doubt that the alleged contemptuous acts occurred must be borne by the State."
 
 Coleman
 
 ,
 
 188 N.C. App. at 150
 
 ,
 
 655 S.E.2d at 453-54
 
 (citation omitted).
 

 Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of
 
 *242
 
 the matter asserted." N.C. Gen. Stat. § 8C-801(c) (2017). "It is well-settled that a witness' prior consistent statements are admissible to corroborate the witness' sworn trial testimony."
 
 State v. McGraw
 
 ,
 
 137 N.C. App. 726
 
 , 730,
 
 529 S.E.2d 493
 
 , 497 (citation omitted),
 
 disc. review denied
 
 ,
 
 352 N.C. 360
 
 ,
 
 544 S.E.2d 554
 
 (2000). Corroborative evidence "tends to strengthen, confirm, or make more certain the testimony of another witness."
 
 Id
 
 . (citation and quotation marks omitted). "Corroborative evidence need not mirror the testimony it seeks to corroborate, and may include new or additional information as long as the new information tends to strengthen or add credibility to the testimony it corroborates."
 
 Id
 
 . (citation omitted).
 

 Here, the trial court allowed Exhibits 1 and 2 into evidence for the purpose of explaining the context of the proceeding where Defendant's actions occurred and to corroborate the testimony of witnesses for the State. Exhibit 1 was used to illustrate the context in which the incident with Defendant arose, as well as to corroborate State testimony that the witness seemed agitated and distracted on the witness stand, while Exhibit 2 was used to corroborate the Assistant District Attorney's testimony. The Assistant District Attorney testified Defendant was inaudibly speaking throughout the trial, facing the witness stand, and made a hand gesture in the form of a gun while the witness was testifying, causing the interruption. Because Exhibits 1 and 2 were used to corroborate the testimony of the State's witnesses,
 
 *911
 
 and were not offered into evidence to prove that Defendant was speaking and making a gun gesture, the trial court did not err when admitting them into evidence.
 

 Defendant next contends that the trial court's findings of fact did not support the conclusion that Defendant's conduct was willful as required under N.C. Gen. Stat. § 5A-11(a)(1). "Willfulness" under Section 5A-11(a)(1) is defined as "an act done deliberately and purposefully in violation of law, and without authority, justification, or excuse."
 
 State v. Phair
 
 ,
 
 193 N.C. App. 591
 
 , 594,
 
 668 S.E.2d 110
 
 , 112 (2008) (citation and quotation marks omitted). Here, the trial court made the following finding:
 

 The [c]ourt finds that ... [Defendant's] willful behavior was committed during the sitting of court intended to interrupt the proceedings in that [Defendant] used two fingers and his thumb in the shape of a gun pointing at his own head or hand while looking directly at the witness testifying on stand and mouthing something thereby interrupting the testimony of the witness, ... resulting in the witness ceasing in testifying and challenging ... the defendant's action on the stand in front of the jury.
 

 *243
 
 This finding of fact supports the trial court's conclusion of law that Defendant willfully interrupted the proceedings beyond a reasonable doubt. We hold that the State presented sufficient evidence to support the trial court's findings of fact, and that those findings of fact, in turn, support the trial court's conclusions of law. Accordingly, the trial court did not err in holding Defendant in criminal contempt.
 

 II.
 
 Attorney's Fees
 

 Defendant contends the trial court erred in entering a civil judgment against him for attorney's fees without first affording him an opportunity to be heard. We agree.
 

 Section 7A-455(b) permits the trial court to enter a civil judgment against an indignant defendant following his conviction in the amount of the fees incurred by the defendant's appointed trial counsel. N.C. Gen. Stat. § 7A-455(b) (2017). However, this Court has required defendants be given notice and an opportunity to be heard prior to entry of a civil judgment for attorney's fees.
 
 See
 

 State v. Jacobs
 
 ,
 
 172 N.C. App. 220
 
 , 235,
 
 616 S.E.2d 306
 
 , 316 (2005) ;
 
 Friend
 
 , --- N.C. App. ----,
 
 809 S.E.2d 902
 
 .
 

 In
 
 State v. Jacobs
 
 , that defendant was notified of the attorney's fees assessed against him, but was not present when the amount of those fees was entered.
 
 Jacobs
 
 ,
 
 172 N.C. App. at 236
 
 ,
 
 616 S.E.2d at 317
 
 . This Court vacated the trial court's imposition of attorney's fees because the defendant was given notice of the court's intention to impose fees, but was never notified nor given the opportunity to be heard on the total amount of fees.
 
 Id
 
 . Similarly, in
 
 Friend
 
 , the trial court did not inform the defendant of his right to be heard on the issue of attorney's fees, and nothing in the record indicated that the defendant understood he had that right.
 
 Friend
 
 , --- N.C. App. at ----,
 
 809 S.E.2d at 907
 
 . This Court held that "[a]bsent a colloquy directly with the defendant on [the issue of attorney's fees], the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard."
 
 Id
 
 .
 

 Here, after Defendant was convicted of criminal contempt, the trial court asked Defendant's attorney how much time she spent on the case:
 

 The Court: Do you know how much time again?
 

 ....
 

 Counsel: I'm sorry. For his case, it would be about nine and a half hours, Your Honor.
 

 *244
 
 The Court: All right. I'm going to set the attorney fees at five hundred and seventy dollars ($570). No. I'm just going to make a civil judgment. He's serving an active sentence. All right.
 

 Because Defendant was present in the courtroom when the trial court imposed attorney's fees, Defendant was on notice of their imposition.
 
 See
 

 Jacobs
 
 ,
 
 172 N.C. App. at 236
 
 ,
 
 616 S.E.2d at 317
 
 . However, the record
 
 *912
 
 indicates Defendant was not given the opportunity to be heard on the issue. Based upon the record and the transcript, there is no indication that the trial court addressed Defendant with regard to the issue of attorney's fees, or that Defendant knew he had the opportunity to address the trial court. Accordingly, Defendant was not given an opportunity to be heard as required by N.C. Gen. Stat § 7A-455(b), and we vacate the trial court's civil judgment for attorney's fees and remand to the trial court for further proceedings on this issue.
 

 Conclusion
 

 The trial court did not err in finding Defendant guilty of criminal contempt. We therefore affirm this portion of the trial court's order. However, the trial court failed to provide Defendant with an opportunity to be heard on the assessment of attorney's fees, and we vacate in part and remand on this issue.
 

 AFFIRMED IN PART; VACATED IN PART AND REMANDED.
 

 Judges DIETZ and TYSON concur.