IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-850

Filed: 3 March 2020

Johnston County, Nos. 18 CRS 412, 50682

STATE OF NORTH CAROLINA

       v.

BILLY RAY MANGUM, JR., Defendant.

Appeal by Defendant from judgment entered 4 April 2018 by Judge Thomas H. Lock in Superior Court, Johnston County. Heard in the Court of Appeals 23 April 2019.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Kathleen N. Bolton, for the State.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for Defendant.*

McGEE, Chief Judge.

## I. Procedural and Factual Background

Billy Ray Mangum, Jr. ("Defendant") was indicted on 5 March 2018 for possession of a stolen motor vehicle and attaining habitual felon status. Defendant pleaded guilty to the charges on 4 April 2018, and the trial court sentenced Defendant to twenty-four to forty-one months' imprisonment. Following its oral rendering of Defendant's sentence, the trial court stated that "[c]ourt costs and attorney's fees are taxed against [Defendant] as a civil judgment." The trial court entered judgment

ordering "all costs and attorney fees to be docketed as a civil judgment." The amount of costs and attorney's fees were not indicated in court or in the judgment. Defendant filed written notice of appeal on 10 April 2018.

Defendant's sole proposed issue on appeal is: "Did the trial court err by failing to give [] Defendant the opportunity to be heard on attorney's fees?" Defendant filed his appellate brief on 24 September 2018 in which, citing N.C.G.S. § 7A-27(b)(1) (2019) and *State v. Pell*, 211 N.C. App. 376, 377, 712 S.E.2d 189, 190 (2011), he stated that he had a right of appeal from the part of the 4 April 2018 judgment that ordered him to pay attorney's fees because that part of the judgment was a civil judgment and he had timely entered written notice of appeal. Defendant simultaneously filed a petition for writ of certiorari ("PWC") "out of an abundance of caution," "in the event this Court deem[ed] his notice of appeal insufficient."

The State responded to Defendant's PWC on 28 September 2018, arguing the PWC should be dismissed because it did not contain a "certified cop[y] of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition[,]" *see* N.C. R. App. P. 21(c) and, quoting *Searles v. Searles*, 100 N.C. App. 723, 725, 398 S.E.2d 55, 56 (1990), contending "'this Court is without authority to entertain an appeal where there has been no entry of judgment.'" The State filed a motion to dismiss Defendant's appeal on 28 September 2018, quoting *State v. Jacobs*, 361 N.C. 565, 566, 648 S.E.2d 841,

842 (2007), and arguing this Court lacked jurisdiction to consider Defendant's appeal because the record contained no "civil judgment . . . ordering payment of attorney fees," and the record must contain the order or judgment from which Defendant appeals in order to confer jurisdiction on this Court for review. The State further argued that Defendant "failed to comply with the mandatory requirements of Rule 3." The State filed its brief on 2 October 2018, in which it also argued that this Court lacked jurisdiction to consider Defendant's appeal.

Defendant filed his response to the State's motion to dismiss and filed a motion to amend the record on appeal, both on 10 October 2018. In his response, Defendant noted that the civil judgment ordering Defendant to pay $390.00 in attorney's fees was not entered until 3 October 2018, but his 10 April 2018 notice of appeal was sufficient to preserve appellate review of the 3 October 2018 order because judgment was rendered on 4 April 2018, and "rendering of an order commences the time when notice of appeal *may* be taken by filing and serving written notice, while entry of an order initiates the thirty-day time limitation within which notice of appeal *must* be filed and served." *Abels v. Renfro Corp.*, 126 N.C. App. 800, 804, 486 S.E.2d 735, 738 (1997) (emphasis in original) (citations omitted). In his motion to amend the record, Defendant requested this Court allow amendment of the record to include the 3 October 2018 order, entered under the same file number as the 4 April 2018 judgment—18-CRS-50682. The State responded to Defendant's motion to amend the

record on 28 October 2018, arguing that the notice of appeal in this matter was only from "the judgment entered in this cause on April 4, 2018[,]" not from the "rendering" of the civil judgment concerning attorney's fees in open court.

## II. Jurisdiction

While we agree with the State that Defendant did not follow the correct procedure for appealing the entry of the 3 October 2018 civil judgment ordering him to pay attorney's fees, Defendant's procedural missteps have not deprived this Court of jurisdiction to consider his appeal, either upon direct appeal or by granting certiorari. As with a judgment requiring a defendant to register as a sex offender, even though Defendant in this case was convicted of a crime, the order at issue is civil in nature, accomplished through entry of a civil judgment. *Jacobs*, 361 N.C. at 566, 648 S.E.2d at 842; *see also Pell*, 211 N.C. App. at 377, 712 S.E.2d at 190. "Therefore, an appeal from a sentence requiring a defendant to [pay attorney's fees as a civil judgment] is controlled by civil procedure," *id.* (citations omitted), and by Rule 3 of our Rules of Appellate Procedure. *Jacobs*, 361 N.C. at 566, 648 S.E.2d at 842. As in this case, the underlying criminal judgment from which the defendant in *Pell* appealed was based upon a guilty plea. *Pell*, 211 N.C. App. at 376, 712 S.E.2d at 190. In this case, the State argues that N.C.G.S. § 15A-1444 (2019), involving appeals from a guilty plea, removes appellate jurisdiction to consider Defendant's arguments. However, in *Pell*,

> [the d]efendant specifically appeal[ed] from the portion of his sentence requiring him to register as a sex offender. While a defendant is entitled to appeal from a guilty plea in limited circumstances, *see* N.C. Gen. Stat. § 15A-1444(a2) (2009), *Defendant's appeal does not arise from the underlying convictions*, therefore these limitations are inapplicable to the current action. Accordingly, Defendant's appeal is properly before this Court for appellate review.

*Id.* at 377, 712 S.E.2d at 190 (emphasis added). The defendant's notice of appeal in *Pell* did not specifically mention mandatory registration as a sex offender, as the notice of appeal in this case does not specifically mention attorney's fees. As with imposition of SBM in *Pell*, Defendant's appeal in this case "does not arise from the underlying convictions" and N.C.G.S. § 15A-1444(a2) does not deprive this Court of jurisdiction. *Id.* at 377, 712 S.E.2d at 190.

### A. *Rule 3*

Rule 3(a) requires: "Any party entitled by law to appeal from a judgment or order of a superior . . . court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court . . . within the time prescribed by subsection (c) of this rule." N.C. R. App. P. 3(a). The dissenting opinion argues that this Court lacks jurisdiction because "Rule 3(a) and binding Supreme Court precedents . . . prohibit this Court from granting Defendant's motion to amend the record of a purported appeal that does not exist, and consequently, over which this Court unquestionably does not possess and cannot assert jurisdiction[.]"

Concerning the time for filing notice of appeal in a civil matter, this Court held in *Abels*: "Notwithstanding defendant's protestations that plaintiff's appeal was premature, . . . plaintiff timely appealed in that her notice was filed and served subsequent to the trial court's rendering of its order, albeit prior to entry of said order." *Abels*, 126 N.C. App. at 804, 486 S.E.2d at 738. This is because "rendering of an order commences the time when notice of appeal *may* be taken by filing and serving written notice, while entry of an order initiates the thirty-day time limitation within which notice of appeal *must* be filed and served [in civil matters]. N.C. R. App. P. 3(c)." *Id.* (citations omitted); *see also State v. Oates*, 366 N.C. 264, 268, 732 S.E.2d 571, 574–75 (2012) (citation omitted) (in criminal cases "written notice may be filed at any time between the date of the rendition of the judgment or order and the fourteenth day after entry of the judgment or order"). Therefore, Defendant's 10 April 2018 written notice of appeal from the *rendering* of the civil judgment for attorney's fees on 4 April 2018 was sufficient to *preserve* Defendant's right to appeal the civil judgment ordering attorney's fees *once that judgment was entered* on 3 October 2018. Defendant's notice of appeal was timely filed. However, Defendant's appeal was *docketed* in this Court prior to entry of the 3 October 2018 judgment.

## B. *Sufficiency of Record*

Defendant's mistake was not in the timing of the filing of his notice of appeal, *Abels*, 126 N.C. App. at 804, 486 S.E.2d at 738, but in the timing of the filing of the

record. The State did not object or otherwise respond to Defendant's proposed record on appeal within thirty days of service, so the record was settled pursuant to N.C. R. App. P. 11(b), and the appeal was docketed pursuant to N.C. R. App. P. 12(b) when the record was filed with this Court on 22 August 2018. However, since the judgment from which appeal was taken, being the order imposing attorney's fees, had not yet been entered, the record was not in compliance with Rule 9(a)(1)(h.) when it was docketed. "To make [the trial court's] purpose a judgment, it must be entered of record, and until this shall be done, there is nothing to appeal from." *Logan v. Harris*, 90 N.C. 7, 7 (1884). Defendant should not have filed the record and proceeded with this appeal until *after* entry of the 3 October 2018 order, and that order needed to be included in the record on appeal in order to confer regular appellate jurisdiction on this Court. *Jacobs*, 361 N.C. at 566, 648 S.E.2d at 842 ("[B]ecause there is no civil judgment in the record ordering defendant to pay attorney fees, the Court of Appeals had no subject matter jurisdiction on this issue. *See* N.C. R. App. P. 3(a); *id.* 9(a)(1)(h.).").

The dissenting opinion, citing Rule 3(a), contends that this Court cannot grant "Defendant's motion to amend the record of a purported appeal . . . over which this Court unquestionably does not possess and cannot assert jurisdiction[.]" However, Defendant filed a motion pursuant to N.C. R. App. P. 9(b)(5) on 10 October 2018, requesting amendment of the record to include the 3 October 2018 civil judgment

ordering Defendant to pay attorney's fees. Motions pursuant to Rule 9(b)(5) are routinely granted in order to amend the record for the purpose of correcting jurisdictional defects caused by violations of the appellate rules. Rule 9(b)(5) states in relevant part:

> *Motions Pertaining to Additions to the Record.* On motion of any party or on its own initiative, the appellate court may order additional portions of a trial court record or transcript sent up and added to the record on appeal. On motion of any party, the appellate court may order any portion of the record on appeal or transcript amended to correct error shown as to form or content.

N.C. R. App. P. 9(b)(5)(b.). Our Supreme Court has made clear this Court's authority to amend the record to obtain jurisdiction over an appeal:

> In *Felmet,* the defendant moved for leave to amend the record to include "the judgment of the district court which reflected defendant's appeal therefrom to the superior court" to show how the superior court obtained subject matter jurisdiction over his case. *Felmet,* 302 N.C. at 174, 273 S.E.2d at 710. The Court of Appeals denied the motion. We concluded that the denial was a decision within the discretion of the Court of Appeals and that we could find no abuse of that discretion. Nevertheless, we held the record should be amended to reflect subject matter jurisdiction so that we could reach the substantive issue of the appeal. In so holding, we stated, "[this] is the better reasoned approach and avoids undue emphasis on procedural niceties."
>
> While we find no abuse of discretion on the part of the Court of Appeals in denying the State's motion to amend, we elect as we did in *Felmet* to allow the State leave to amend.

> When the record is amended to add the presentment, it is clear the superior court had jurisdiction over these misdemeanors under N.C.G.S. § 7A-272(2) [and, therefore, appellate jurisdiction also existed].

*State v. Petersilie*, 334 N.C. 169, 177–78, 432 S.E.2d 832, 837 (1993) (citations omitted); *see also State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981) (our Supreme Court "decided to allow the amendment [pursuant to Rule 9(b)(5)(b.)] to reflect subject matter jurisdiction and then pass upon the substantive issue of the appeal"); *Williams v. United Cmty. Bank*, 218 N.C. App. 361, 367, 724 S.E.2d 543, 548 (2012) ("The original record on appeal contained no notice of appeal[.]  However, . . . the . . . [p]laintiffs moved to amend the record on appeal pursuant to Rules 9(b)(5) and 37 of the North Carolina Rules of Appellate Procedure.  We allow the . . . [p]laintiffs' motion to amend the record on appeal to include the notice of appeal" and address the merits.).

As noted by our Supreme Court, whether to grant or deny a motion to amend the record is "a decision within the discretion of the Court of Appeals" that constitutes a legitimate application of our appellate rules absent "an abuse of discretion." *Petersilie*, 334 N.C. at 177, 432 S.E.2d at 837 (citation omitted).  Contrary to the dissenting opinion's assertion, this Court has the authority and the jurisdiction to amend a record that does not confer jurisdiction for appellate review into one that

demonstrates our appellate jurisdiction.[1]  *Id.*   In any event, no grant of certiorari is required for this Court to allow Defendant's motion to amend the record, Rule 9(b)(5)(b.) provides that authority.  *Petersilie*, 334 N.C. at 177–78, 432 S.E.2d at 837 (and other opinions cited above).

We decide, in our discretion, to grant Defendant's motion to amend the record to include the 3 October 2018 judgment.  *Felmet*, 302 N.C. at 176, 273 S.E.2d at 711. Although Defendant's appeal was docketed on 22 August 2018 when the record was filed, it only became "properly perfected" through granting Defendant's motion to amend the record to include the 3 October 2018 judgment.  *Swilling v. Swilling*, 329 N.C. 219, 225, 404 S.E.2d 837, 841 (1991) (citation omitted).  Therefore, because the 3 October 2018 judgment is now properly part of the record before us, the jurisdictional defects cited in *Jacobs*, 361 N.C. at 566, 648 S.E.2d at 842, are no longer an issue in this matter and we address the merits of Defendant's appeal.

C. *Certiorari*

1. Rule 21(a)(1)

Assuming, *arguendo*, the rule set forth in *Abels*, 126 N.C. App. at 804–05, 486 S.E.2d at 738, does not apply, and our amendment of the record to include the 3 October 2018 judgment did not cure the jurisdictional deficiency, Defendant also

---

[1] Of course, if amendment of the record fails to confer jurisdiction for appellate review, this Court will either dismiss the appeal, or consider whether it can obtain jurisdiction through grant of certiorari.

petitioned this Court to grant a writ of certiorari, stating correctly: "Under N.C. R. App. P 21(a)(1), this Court may issue its writ of certiorari . . . to permit review of a trial tribunal's order 'when the right to prosecute an appeal has been lost by the failure to take timely action[.]'" In *Anderson v. Hollifield*, 345 N.C. 480, 480 S.E.2d 661 (1997), the appellant failed to file a notice of appeal, and the appellee argued "that such a failure to file a notice of appeal deprives the appellate courts of jurisdiction to rule upon the merits[.]" *Id.* at 482, 480 S.E.2d at 663. Our Supreme Court noted that the failure to file a notice of appeal eliminated jurisdiction for regular appellate review, but held: "[W]e conclude that Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely manner. Therefore, we conclude that the Court of Appeals properly granted certiorari in this case." *Id.* This use of certiorari is proper even though "[c]ompliance with the requirements for entry of notice of appeal is jurisdictional. *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197–98, 657 S.E.2d 361, 365 (2008)." *Oates*, 366 N.C. at 266, 732 S.E.2d at 573; *Dogwood*, 362 N.C. at 197 n.3, 657 S.E.2d at 365 n.3 (citations omitted) ("We recognize that discretionary avenues of appellate jurisdiction exist in addition to those routes of mandatory review conferred by statute."). We grant Defendant's petition for writ of certiorari, and thereby obtain jurisdiction to consider the merits of Defendant's appeal even if Defendant's right to appeal the 3 October 2018

judgment "has been lost by failure to take timely action." N.C. R. App. P 21(a)(1); *Anderson*, 345 N.C. at 482, 480 S.E.2d at 663; *see also* N.C.G.S. § 7A-32(c) and *State v. Ledbetter*, 371 N.C. 192, 196–97, 814 S.E.2d 39, 42–43 (2018).

## 2. N.C.G.S. § 7A-32(c)

The dissenting opinion argues that Defendant's appeal "does not exist" due to Rule 3 violations and "binding Supreme Court precedents"; therefore, we are without jurisdiction to amend the record pursuant to Rule 9(b)(5), and that "review by certiorari is not available . . . by statute or by precedents to Defendant." Defendant's PWC and his motion to amend the record are separate requests, and we do not need to grant certiorari in order to grant Defendant's motion to amend. Further, the dissenting opinion appears to conflate this Court's jurisdiction to consider arguments raised on direct appeal with this Court's jurisdiction to consider arguments pursuant to the authority given this Court by the General Assembly to grant extraordinary writs such as certiorari. Direct appeal and certiorari are two distinct avenues by which this Court may obtain jurisdiction over a matter: When "this Court cannot hear defendant's direct appeal [due to violation of a jurisdictional appellate rule], it does have the discretion to consider the matter by granting a petition for writ of *certiorari[.]*" *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320–21 (2005)

(citation omitted).[2] Violations of certain appellate rules, such as Rule 3, can divest this court of jurisdiction to consider an appellant's *direct appeal*. *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 610 S.E.2d 360 (2005). However, our Supreme Court has repeatedly held that when N.C.G.S. § 7A-32(c), or any other act of the General Assembly, has provided jurisdiction for this Court to grant certiorari in its discretion, that jurisdiction be cannot revoked or limited by our appellate rules:

> [T]he General Assembly has stated that the Court of Appeals "has jurisdiction . . . to issue the prerogative writs, including . . . certiorari, . . . *in aid of its own jurisdiction*, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice." N.C.G.S. § 7A-32(c).

*State v. Stubbs*, 368 N.C. 40, 42, 770 S.E.2d 74, 76 (2015) (emphasis added). Our Supreme Court subsequently reaffirmed this holding: "[A]s we explained in *Stubbs*, if a valid statute gives the Court of Appeals jurisdiction to issue a writ of certiorari, Rule 21 cannot take it away." *State v. Thomsen*, 369 N.C. 22, 27, 789 S.E.2d 639, 643 (2016) (citation omitted).

In *State v. Ledbetter*, 250 N.C. App. 692, 794 S.E.2d 551 (2016), *rev'd*, 371 N.C. 192, 814 S.E.2d 39 (2018), this Court reviewed *Stubbs* and *Thomsen*, then held that even if a statute granted this Court *jurisdiction*, the Rules of Appellate Procedure

---

[2] There are, of course, jurisdictional defects that cannot be "cured" by granting certiorari. For example, if the trial court lacked subject matter jurisdiction, its judgment would be a nullity, and we could not obtain jurisdiction to review that judgment by granting certiorari.

could still restrict our *authority to exercise* that jurisdiction. *Id.* at 697, 794 S.E.2d at 555. Our Supreme Court disagreed:

> By concluding it is procedurally barred from exercising its discretionary authority to assert jurisdiction in this appeal, the Court of Appeals has, as a practical matter, set its own limitations on its jurisdiction to issue writs of certiorari. . . . .
>
> [However], the Court of Appeals had both the jurisdiction and the discretionary authority to issue defendant's writ of certiorari. *Absent specific statutory language limiting the Court of Appeals' jurisdiction*, the court maintains its jurisdiction and discretionary authority to issue the prerogative writs, including certiorari. Rule 21 does not prevent the Court of Appeals from issuing writs of certiorari or have any bearing upon the decision as to whether a writ of certiorari should be issued.

*Ledbetter*, 371 N.C. at 196–97, 814 S.E.2d at 42–43 (emphasis added).

General statutory authority to grant Defendant's PWC and review his arguments is provided in N.C.G.S. § 7A-32(c); therefore, the proper inquiry is whether another *statute* serves to limit that jurisdiction. *Id.* We have found no limiting statute; however, we do find substantial precedent, cited above, that this Court may grant certiorari in support of our appellate jurisdiction for the purpose of considering the merits of an appeal otherwise jurisdictionally precluded from review on direct appeal.[3] *See State v. Smith*, __ N.C. App. __, __, 832 S.E.2d 921, 924 (2019) (citation omitted) ("Due to questions about trial counsel's notice of appeal, Defendant has filed

---

[3] Again, with certain clear exceptions such as lack of jurisdiction in the trial court, or if no judgment or order has been entered in the matter by the trial court.

a petition for writ of certiorari in order to preserve his right to appeal the immediate matter. Writs of certiorari are considered to be 'extraordinary remedial writ[s]' and can serve as substitutes for an appeal."). Similar to this case, "[i]n *State v. Friend*, the trial court did not inform the defendant of his right to be heard on the issue of attorney's fees and costs. [T]his Court granted the defendant's untimely appeal as to the civil judgment." *State v. Baker*, __ N.C. App. __, __, 817 S.E.2d 907, 909–10 (2018) (citations omitted). This Court held that "[b]ased on the facts of the case *sub judice*, we grant Defendant's petition for writ of certiorari to review this issue on appeal[.]" *Id.* at __, 817 S.E.2d at 910 (citation omitted); *see also State v. Patterson*, __ N.C. App. __, __ S.E.2d __, 2020 WL 542812 (filed 4 Feb. 2020) (granting the State's motion to dismiss the defendant's appeal for failure to file a written notice of appeal from civil judgment entering attorney's fees, but allowing the defendant's motion to amend the record to include the civil judgment, granting certiorari to consider the merits, and vacating civil judgment for remand and hearing affording the defendant an opportunity to contest the amount of fees assessed).

This Court is also free to grant certiorari *ex mero motu* in order to allow appellate review in circumstances similar to those before us: *Matter of E.A.*, __ N.C. App. __, __, 833 S.E.2d 630, 631 (2019) (citations omitted) (certiorari properly granted even though "the order [from which the appellant purported to appeal] was filed *after* [the appellant] filed his notice of appeal[,]" because "this Court has the discretionary

authority . . . to 'treat the purported appeal as a petition for writ of certiorari and grant it in our discretion'");[4] *see also Luther v. Seawell*, 191 N.C. App. 139, 142, 662 S.E.2d 1, 3 (2008) (analysis and cases cited). "When *certiorari* is granted, the case is before us in all respects as an appeal." *Furr v. Simpson*, 271 N.C. 221, 223, 155 S.E.2d 746, 748 (1967) (citation omitted). Assuming, *arguendo*, Defendant's appeal violates Rule 3, we exercise our discretion and grant certiorari for the purpose of considering the merits of Defendant's arguments on appeal.

### D. *State v. McKoy*

We note that the dissenting opinion cites our opinion in *State v. McKoy*, __, N.C. App. __, __ S.E.2d __, (2020) (unpublished), filed concurrently with this opinion, in support of its contention that "a purported appeal [] taken before and docketed without any order or judgment having been entered . . . must be dismissed. There is no final entered order nor anything else properly before this Court to review." However, in *McKoy* the defendant specifically argued that he was *not* appealing the civil judgment ordering restitution itself, but the trial court's *rendering* of that judgment at trial. We denied the defendant's PWC, not on a jurisdictional basis, but based on our conclusion that he could not demonstrate any prejudice and, therefore, review of the merits of his appeal would be pointless. *Id. McKoy* is unpublished, and it contains no holding relevant to this case. Further, in this case we granted

---

[4] In *E.A.* this Court did not address the rule set forth in *Abels*, 126 N.C. App. at 804–05, 486 S.E.2d at 738, and *Oates*, 366 N.C. at 268, 732 S.E.2d at 574–75.

Defendant's motion to amend the record, and the 3 October 2018 civil judgment is properly before us for review. N.C. R. App. P. 9(b)(5)(b.). In *McKoy* the defendant did not seek to amend the record to include the civil judgment, if one existed.

## III. Defendant's Appeal

Defendant contends that the trial court erred in ordering payment of attorney fees without affording him an opportunity to be heard. We agree.

While trial courts are permitted "to enter a civil judgment against an indig[e]nt defendant following his conviction in the amount of the fees incurred by the defendant's appointed trial counsel[,]" it is well established that defendants must first "be given notice and an opportunity to be heard[.]" *Baker*, __ N.C. App. at __, 817 S.E.2d at 911. In this case, the trial court simply stated that it was going to enter a civil judgment against Defendant for the repayment of his attorney's fees, and it provided Defendant no opportunity to be heard on the matter. As this Court stated in *State v. Friend*, __ N.C. App. __, 809 S.E.2d 902 (2018):

> [B]efore entering money judgments against indigent defendants for fees imposed by their court-appointed counsel under N.C. Gen. Stat. § 7A-455, trial courts should ask defendants—personally, not through counsel—whether they wish to be heard on the issue. Absent a colloquy directly with the defendant on this issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.

- 17 -

*Id.* at __, 809 S.E.2d at 907 (citations omitted); *see also* N.C.G.S. § 7A-455 (2019); *Baker*, __ N.C. App. at __, 817 S.E.2d at 911–12; *Stat v. Jacobs*, 172 N.C. App. 220, 235, 616 S.E.2d 306, 316 (2005) ("this Court vacated a civil judgment imposing attorney's fees on the defendant where, notwithstanding a signed affidavit of indigency, there was 'no indication [in the record] that [the] defendant received any opportunity to be heard on the matter' of attorney's fees").

"Therefore, in light of the foregoing, we vacate the trial court's imposition of attorney's fees in this matter" and remand. *Id.* at 236, 616 S.E.2d at 317. "On remand, the State may apply for a judgment in accordance with N.C. Gen. Stat. § 7A-455, provided that [D]efendant is given notice and an opportunity to be heard regarding the total amount of hours and fees claimed by the court-appointed attorney." *Id.* Defendant does not otherwise challenge the judgment entered 4 April 2018, and the remainder of that judgment is unaffected by our decision.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.

Judge BERGER concurs with separate opinion.

Judge TYSON dissents.

No. COA 18-850 – *State v. Mangum*

BERGER, Judge, concurring in separate opinion.

$390.00.  That is what this appeal concerns.

Defendant knows from the initial appointment of counsel that he is responsible for his court-appointed attorney's fees.  But, this Court has created an avenue for these procedural appeals where defendants suffer no prejudice.  These appeals cost countless man-hours and tens-of-thousands of dollars, and elevate form over substance.  Because our precedent has opened this door, I concur in result only.  However, anyone interested in efficiencies and saving taxpayer dollars should hope the Supreme Court of North Carolina takes advantage of this opportunity to return us to the plain language of N.C. Gen. Stat. § 15A-1444(a2).

No. COA18-850 – *State v. Mangum*

TYSON, Judge, dissenting.

I vote to dismiss this purported appeal and Defendant's motion to amend the record, and to deny Defendant's petition for a writ of certiorari. I respectfully dissent.

"It is not the role of the appellate courts to create an appeal for an appellant. . . . Our Supreme Court previously stated that the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 192 N.C. App. 114, 118-19, 665 S.E.2d 493, 497-98 (2008) (quoting *Viar v. N. Carolina Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005)); *see also State v. Bursell*, __ N.C. __, __, 827 S.E.2d 302, 304 (2019) ("[F]ailure of the parties to comply with the rules, and failure of the appellate courts to demand compliance therewith, may impede the administration of justice. Accordingly, the Rules of Appellate Procedure are mandatory and not directory." (citations and internal quotation marks omitted)).

## I. No Jurisdiction, No Merit, No Prejudice

Our Supreme Court and this Court have previously analyzed and addressed each of the issues presented here. "This Court is without authority to entertain appeal of a case which lacks entry of judgment. Announcement of judgment in open court merely constitutes 'rendering' of judgment, not entry of judgment." *Abels v.*

*Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737 (citations omitted), *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997).

Under the statute, "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2017). Multiple precedential and procedural rules hold that, absent an entry of judgment, this Court is without jurisdiction or authority to entertain this appeal. *Abels*, 126 N.C. App. at 803, 486 S.E.2d at 737; *see also State v. Jacobs*, 361 N.C. 565, 566, 648 S.E.2d 841, 842 (2007) (citing N.C. R. App. P. 3(a), 9(a)(1)(h)) (where "there is no civil judgment in the record ordering defendant to pay attorney fees, the Court of Appeals had no subject matter jurisdiction on this issue.").

Defendant seeks to excuse his jurisdictional failures and criminal, civil, and appellate rules violations with a circuitous path of unsupported motions and specious arguments. His arguments are machinations to dodge and weave through the jurisdictional and procedural bars, and multiple violations of the Rules and precedents in an attempt to give credence to Defendant's un-merited notions and non-prejudicial motions.

None of these notions or motions carry Defendant's burden to demonstrate appellate jurisdiction, merit, or any prejudice. Defendant has failed to invoke the jurisdiction of this Court with his notice or record on appeal, to demonstrate any merit in his claim, or to suffer any prejudice from the trial court's civil judgment.

Defendant requested and was appointed defense counsel. He knowingly and voluntarily pled guilty to all charges, including attaining the status of a habitual felon. Defendant was also informed by the trial court and agreed that his appointed counsel is not a free counsel, and in the event he pled or was found guilty, he was responsible for reimbursing his state-paid counsel's fees. *See* N.C. Gen. Stat. § 7A-455 (2019).

Defendant was present in court and was ordered to pay his attorney's fees at sentencing. He was free to question or challenge the court's order, but failed to do so. Defendant did not inform the State or trial court that his guilty pleas were conditioned upon appeal to preserve any issue to seek appellate review. *See* N.C. Gen. Stat. § 15A-1444 (2019).

The trial court determined the "extraordinary sum" of $390.00 in attorney's fees was owed and to be reimbursed to the State. The trial court entered a civil judgment to reimburse the taxpayers on 3 October 2018. *State v. Baker*, __ N.C. App. __, __, 817 S.E.2d 907, 911 (2018) (trial courts are permitted "to enter a civil judgment against an indig[e]nt defendant following his conviction in the amount of the fees incurred by the defendant's appointed trial counsel" (citation omitted)). The majority's opinion recognizes this sum is a valid debt owed by Defendant to be entered again on remand. Defendant cannot demonstrate any merit in his argument nor any prejudice to pay what he owes.

3

We all agree with the State's arguments that Defendant has wholly failed to comply with the mandatory appellate rules and criminal and civil procedures for appealing from the entry of the 3 October 2018 civil judgment, which ordered him to reimburse his agreed-upon and justly-due attorney's fees. Defendant's failure to comply with the multiple Rules deprives this Court of jurisdiction to consider his assertions upon direct appeal. *Abels*, 126 N.C. App. at 803, 486 S.E.2d at 737. We all also agree that multiple prior precedents hold that violations of certain appellate rules, including Rule 3, divest this Court of jurisdiction to consider an appellant's *direct appeal* and mandates dismissal: "Failure to follow the rules will subject an appeal to dismissal." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 194, 657 S.E.2d 361, 363 (2008) (citations and alterations omitted). Defendant's appeal is properly dismissed.

II. <u>Amendment Does Not Cure Jurisdictional Defaults</u>

We also all agree Defendant was required by the Rules to file the record and proceed with this appeal only *after* entry of the 3 October 2018 order, and that entered order was required to be included in the record on appeal in order to confer regular appellate jurisdiction on this Court. *See* N.C. R. App. P. 3(d); *see also Jacobs*, 361 N.C. at 566, 648 S.E.2d at 842 ("because there is no civil judgment in the record ordering defendant to pay attorney fees, the Court of Appeals had *no subject matter jurisdiction* on this issue" (emphasis supplied) (citations omitted)).

4

"The appellant's compliance with the jurisdictional rules governing the taking of an appeal is the linchpin that connects the appellate division with the trial division and confers upon the appellate court the authority to act in a particular case." *Dogwood*, 362 N.C. at 197, 657 S.E.2d at 364-65 (citations omitted). "It is fundamental that a court cannot create jurisdiction where none exists." *Ponder v. Ponder*, 247 N.C. App. 301, 306, 786 S.E.2d 44, 48 (2016) (citations and internal quotation marks omitted).

Appellate Rule 3(a) requires: "Any party entitled by law to appeal from a judgment or order of a superior . . . court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court . . . within the time prescribed by subsection (c) of this rule." N.C. R. App. P. 3(a). The State correctly argues: (1) Defendant failed to comply with the mandatory requirements of Rule 3; (2) this Court *lacks jurisdiction* to consider Defendant's purported notice of appeal; and, (3) the appeal must be dismissed. *Id.*; *see also Viar*, 359 N.C. at 401, 610 S.E.2d at 361. "Stated differently, a jurisdictional default brings a purported appeal to an end before it ever begins." *Dogwood*, 362 N.C. at 198, 657 S.E.2d at 365.

"It is well established in this jurisdiction that it is the duty of the appellant to see that the record on appeal is properly made up and transmitted." *State v. Dellinger*, 308 N.C. 288, 294, 302 S.E.2d 194, 197 (1983) (citation omitted). The

record on appeal was proposed by Defendant and became the settled record on this appeal as a matter of law on 20 August 2018, after the State decided not to challenge or to serve notice of approval or objections, amendments, or an alternative proposed record. *See* N.C. R. App. P. 11(b).

Defendant's purported appeal was taken and docketed in this Court prior to entry of the 3 October 2018 civil judgment from which he purports to appeal. The record was not compliant with Rules 9(a)(1)(h) and 11(b) and long-standing precedents when it was docketed without and prior to the civil judgment being entered. Over 136 years ago, our Supreme Court held: "To make [the trial court's] purpose a judgment, it must be entered of record, and until this shall be done, there is nothing to appeal from." *Logan v. Harris*, 90 N.C. 7, 7 (1884). Compliance with the requirements for entry of notice of appeal is jurisdictional. *Dogwood*, 362 N.C. at 197-98, 657 S.E.2d at 365. Appellate Rule 2 cannot be used to grant appellate review, where no jurisdiction exists. *See Ponder*, 247 N.C. App. at 306, 786 S.E.2d at 48.

In its response to Defendant's motion seeking to amend the record to add the missing judgment, the State also correctly argues that binding precedents show Defendant's notice of appeal was only from "the judgment entered in this cause on April 4, 2018," and not from the "rendering" of the civil judgment concerning attorney's fees in open court. As a result, the State also correctly argues that N.C. Gen. Stat. § 15A-1444 limits appeals from guilty pleas and removes this Court's

appellate review to consider Defendant's arguments here.  *See* N.C. Gen. Stat. § 15A-1444; *State v. Pimental*, 153 N.C. App. 69, 73, 568 S.E.2d 867, 870, *disc. review denied*, 356 N.C. 442, 573 S.E.2d 163 (2002).

Rule 3(a) and binding Supreme Court precedents also prohibit this Court from granting Defendant's motion to amend the record of a purported appeal that does not exist, and consequently, over which this Court unquestionably does not possess and cannot assert jurisdiction, *i.e.*, the *power* to act.  N.C. R. App. P. 3(a) (2019); *Logan*, 90 N.C. at 7.  None of these binding precedents or Rules, facts, or arguments are refuted by Defendant or explained away in the majority's opinion, which expressly recognizes the Rules and precedents.  Defendant's purported direct appeal is properly dismissed and is not saved through Defendant's motion for a purported amendment.

### III. Petition for Writ of Certiorari

It is uncontested that Defendant filed a defective notice of appeal.  Subsequently, Defendant filed a petition for a writ of certiorari ("PWC").

"*Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown."  *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citation omitted).  To warrant consideration, our Supreme Court held Defendant's "petition for the writ must show merit or that error was probably committed below."  *Id.* (citation omitted).  Without threshold allegations of merit and prejudice, review by

certiorari is not available to either by statute or by precedents to Defendant. *Id.*; N.C. Gen. Stat. §§ 15A-1442, 15A-1444(g).

To warrant issuance of the writ, Defendant's petition must show the purported issue on appeal has potential merit and, even if meritorious, that he suffered prejudice. *Id.* While his petition is not required to show he is certain to prevail on the merits, it alleges no potential of merit, asserts no prejudice or probability of a different result on remand. Defendant's meritless petition is properly denied. *See id.*

The majority's opinion does not state any basis to allow the petition or invoke Rule 2, but nonetheless grants Defendant's petition, purports to amend the record, and address the merits. As such, I also address Defendant's lack of demonstrated merit or prejudice in the underlying issue.

Defendant recognizes "his notice of appeal [was] insufficient" to invoke jurisdiction. As a result, he filed a PWC "out of an abundance of caution." In response to Defendant's PWC, the State again correctly states and argues our rules and precedents require the purported PWC be dismissed, as required by the Appellate Rules. N.C. R. App. P. 21(c) ("petition shall contain a . . . certified cop[y] of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition."). The State also correctly asserts, "this Court is without authority to entertain an appeal where there has been

8

no entry of judgment." *Searles v. Searles*, 100 N.C. App. 723, 725, 398 S.E.2d 55, 56 (1990) (citation omitted).

Unlike here, all cases cited in the majority's opinion *allowing* an amendment added an *existing* judgment entered *prior to* the appeal being taken to the record on appeal, but was mistakenly omitted therefrom. *State v. Petersilie*, 334 N.C. 169, 177-78, 432 S.E.2d 832, 837 (1993); *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981) (our Supreme Court "decided to allow the amendment [pursuant to Rule 9(b)(5)(b)] *to reflect* subject matter jurisdiction and then pass upon the substantive issue of the appeal" (emphasis supplied)); *Williams v. United Cmty. Bank*, 218 N.C. App. 361, 367, 724 S.E.2d 543, 548 (2012).

None of these cases support allowing an amendment to include a judgment, which had *not yet been entered* when the appeal was taken and docketed, in order to retroactively supply jurisdiction, which did not exist when Defendant's appeal was taken or docketed.

We also all agree that even if a civil judgment has been entered, because Defendant failed to include it in the record, this Court lacks jurisdiction to review it, and no relief from that order could be granted. By extension, if a purported appeal is taken before and docketed without any order or judgment having been entered, the appeal must be dismissed. There is no final entered order nor anything else properly before this Court to review. *Logan*, 90 N.C. at 8; *State v. McKoy*, No. COA18-599, __

9

N.C. App. __, __ S.E.2d __ (2020) (unpublished); *Searles*, 100 N.C. App. at 725, 398 S.E.2d at 56.

## IV. Conclusion

The record on appeal contains no entered order that Defendant properly appealed from to invoke appellate jurisdiction for this Court to review. Defendant's purported notice of appeal is fatally defective and must be dismissed. *See* N.C. R. App. P. 3(a). Amendment does not provide jurisdiction to an appeal taken and docketed months prior to the entry of the civil judgment on 3 October 2018 and also does not include the judgment purportedly appealed from.

Defendant's purported notice of appeal only asserts review of Defendant's criminal judgment entered upon his guilty pleas, which is barred by statute. N.C. Gen. Stat. § 15A-1444(a1) (2019). We all agree Defendant does not otherwise challenge the sentence or judgment entered on 4 April 2018 pursuant to his guilty pleas and those judgments are undisturbed.

Defendant has failed to demonstrate any prejudice. The majority's decision remands for the trial court to again enter the *same judgment* it has already entered. The purported appeal does not invoke this Court's appellate jurisdiction and the Defendant's PWC is wholly without merit.

I also concur with Judge Berger's separate concurring in the result only opinion, wherein he concludes these procedural appeals cost countless hours of labor

and tens-of-thousands of dollars, and "elevates form over substance. . . . [A]nyone interested in efficiencies and saving taxpayer dollars should hope the Supreme Court of North Carolina takes advantage of this opportunity to return us to the plain language of N.C. Gen. Stat. § 15A-1444(a2)."

Scarce judicial resources and taxpayer funds are wasted with these purported "appeals," which show no jurisdiction, assert no merits, result in no prejudice, and where the trial court will enter the same civil judgment of $390.00 on remand that Defendant acknowledged he owes.

There is nothing before this Court to properly review or remand. I vote to dismiss Defendant's purported appeal and motion to amend, and to deny his PWC. I respectfully dissent.